Ewing et ux., Appellants, *v.* Pittsb. C. & St. L. Ry. Co.

*Negligence—Railroads—Fright.*

A statement of claim averring that, by a collision on defendant's railroad, through the negligence of defendant's employees, the cars were derailed and thrown against plaintiff's dwelling, subjecting her to fright and to nervous excitement permanently weakening and disabling her, exhibits no cause of action.

*Nervous shock.*

Mere fright, occasioned by such an accident, producing permanent injury to the nervous system, is a result too remote to be actionable.   No well-considered case has held that fright alone, not resulting from or accompanied by some physical injury to the person, will sustain an action for negligence.

Argued Nov. 5, 1891.   Appeal, No. 293, Oct. T., 1891, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March T., 1891, No. 1048, for defendants on demurrer.   Before PAX-SON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCH-ELL, JJ.

Trespass by Samuel T. Ewing and Eva Ewing, his wife, in right of said wife, against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company.   The plaintiffs filed the following statement of claim :

" Samuel T. Ewing and Eva Ewing, his wife, who sue in the right of said Eva, . . . . complain of the Pittsburgh, Cincinnati & St. Louis Railway Company, now styled the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, defendant in this action, for that the said defendant, being a corporation, and owning and operating a line of railway and trains of cars, moved and propelled by locomotives and steam power, in the counties of Washington and Allegheny, in the state of Pennsylvania, heretofore, to wit, on the eighth day of August, 1890, to wit at the town of Midway, in the county of Washington aforesaid, carelessly and negligently, and in consequence of the gross carelessness and negligence of the officers, agents and servants of the defendant company, ran a train of cars of defendant company against and upon another car of said company, on the same track of said railway, and thereby produced a collision between the said train and car, and the said cars of the defendant company were broken, overturned and thrown from the track, and fell upon the lot of ground and premises of the plaintiffs, and against and upon the dwelling-house of plaintiffs, and thereby and by reason thereof, greatly endangered the life of the said Eva Ewing, then being in said dwelling-house, and subjected her to great fright, alarm, fear and nervous excitement and distress, whereby she then and there became sick and disabled, and continued to be sick and disabled from attending to her usual work and duties, and suffered and continues to suffer great mental and physical pain and anguish, and is thereby permanently weakened and disabled, and that she was and is thereby otherwise injured and damnified, wherefore she claims damages in the sum of five thousand dollars, and demands judgment therefor."

The defendant company, on April 9, 1891, demurred to the statement of claim, on the ground that it was insufficient in law and disclosed no cause of action against the defendant; and, further, that the damages alleged to have been suffered by the plaintiff were too remote and not such as to constitute any cause of action.

After argument, the court entered the following judgment: [Sept. 14, 1891, on argument list and demurrer sustained.] (2) Plaintiffs appealed.

*Errors assigned* were (1) the entry of judgment for the defendant on the demurrer; (2) the judgment as set out upon the record in brackets.

*A. M. Brown*, with him *John D. Brown*, for the appellants.— The statement of claim exhibits an injury to the plaintiff resulting from an act of negligence on the part of the defendant, without any other cause intervening : Oil Creek Ry. Co. v. Keighron, 74 Pa. 316 ; Bishop's Non-contract Law, §§ 457, 445, 1108 ; Beach on Cont. Negl. 7, 42–45 ; 2 Wood's Railway Law, 1261 ; Pittsburgh v. Grier, 22 Pa. 54 ; Johnson v. Railroad Co., 70 Pa. 359 ; Pollock on Torts, *387 et seq.; Bigelow on Torts, 311, 316.

Damages are recoverable for an injury to health resulting from fright caused by negligence : Balt. & O. R. Co. v. Bambrey, 2 Mona. 109 ; Schneider v. Penna. Co., 2 Cent. R. 74 ; Scott Tp. v. Montgomery, 95 Pa. 444 ; Cracker v. Railroad Co., 36 Wis. 657 ; Fitzpatrick v. Railroad Co., 12 Upper Can. Q. B. 645 ; Barbee v. Reese, 60 Miss. 906 ; Brown v. Railroad Co., 54 Wis. 342 (41 Am. Rep. 41) ; Stewart v. Ripon City, 38 Wis. 591 ; Oliver v. La Valle, 36 Wis. 592.   And the fact that the plaintiff may have been peculiarly susceptible to fright, will not relieve the defendant : Baltimore City R. Co. v. Kemp, 61 Md. 74 ; Jeffersonville R. Co. v. Riley, 39 Ind. 568 ; Houston R. Co. v. Leslie, 57 Tex. 83 ; Allison v. Railway Co., 42 Ia. 274.

*George B. Gordon, William Scott* with him, for the appellee.— The collision averred in the statement of claim was no legal injury to Mrs. Ewing, and *sine injuria non oritur actio :* Broom Leg. Max. 200 ; Tr. & H. Pr. § 1572 ; Addison on Torts, § 1338 ; Fox v. Borkey, 126 Pa. 164.   Moreover, the damages

alleged were too remote, being the result, not of the collision, but of fright: Pittsb. S. Ry. Co. v. Taylor, 104 Pa. 306 ; West Mahanoy Tp. v. Watson, 112 Pa. 574; s. c. 116 Pa. 344 ; Huxley v. Berg, 1 Stark. N. P. 79 ; Victorian Ry. Com'rs v. Coultas, L. R. 13 Ap. 222 ; Mayne on Damages, 74; note by Wood ; Wyman v. Leavitt, 71 Me. 227 (36 Am. Rep. 303) ; Indianapolis Ry. Co. v. Stables, 62 Ill. 313 ; Canning v. Williamstown, 1 Cush. 451 ; Johnson v. Wells, 6 Nev. 224 ; Lynch v. Knight, 9 H. L. Cas. *577 ; Fox v. Borkey, 126 Pa. 164.

PER CURIAM, January 4, 1892.

The wrong of which the plaintiff Eva Ewing complains, was a collision of cars upon the railway of the defendant company, in consequence of which the cars " were broken, overturned, and thrown from the track, and fell upon the lot of ground and premises of the plaintiffs, and against and upon the dwelling-house of plaintiffs, and thereby and by reason thereof, greatly endangered the life of the said Eva Ewing, then being in said dwelling-house, and subjected her to great fright, alarm, fear, and nervous excitement and distress, whereby she then and there became sick and disabled, and continued to be sick and disabled from attending to her usual work and duties, and suffered and continues to suffer great mental and physical pain and anguish, and is thereby permanently weakened and disabled," etc. To this statement the defendant demurred, and the court below entered judgment for defendant upon said demurrer. This ruling is assigned as error.

It is plain from the plaintiff's statement of her case that her only injury proceeded from fright, alarm, fear, and nervous excitement and distress. There was no allegation that she had received any bodily injury. If mere fright, unaccompanied with bodily injury, is a cause of action, the scope of what are known as accident cases will be very greatly enlarged; for, in every case of a collision on a railroad, the passengers, although they may have sustained no bodily harm, will have a cause of action against the company for the "fright" to which they have been subjected. This is a step beyond any decision of any legal tribunal of which we have knowledge.

Negligence constitutes no cause of action unless it expresses or establishes some breach of duty: Addison on Torts, § 1338.

What duty did the company owe this plaintiff? It owed her the duty not to injure her person by force or violence; in other words, not to do that which, if committed by an individual, would amount to an assault upon her person. But it owed her no duty to protect her from fright, nor had it any reason to anticipate that the result of a collision on its road would so operate on the mind of a person who witnessed it, but who sustained no bodily injury thereby, as to produce such nervous excitement and distress as to result in permanent injury; and, if the injury was one not likely to result from the collision, and one which the company could not have reasonably foreseen, then the accident was not the proximate cause. (The rule on this subject is as follows: "In determining what is proximate cause, the true rule is that the injury must be the natural and probable consequence of the negligence; such a consequence as, under the surrounding circumstances of the case, might and ought to have been seen by the wrongdoer as likely to flow from his act:" Pittsb. S. Ry. Co. v. Taylor, 104 Pa. 306; West Mahanoy Tp. v. Watson, 112 Pa. 574. Tested by this rule, we regard the injury as too remote.

We know of no well-considered case in which it has been held that mere fright, when unaccompanied by some injury to the person, has been held actionable. On the contrary, the authorities, so far as they exist, are the other way. Mr. Wood fairly states the rule in his note to Mayne on Damages, at page 74: "So far as I have been able to ascertain, the force of the rule is that the mental suffering referred to, is that which grows out of the sense of peril or the mental agony at the time of the happening of the accident, and that which is incident to and blended with the bodily pain incident to the injury, and the apprehension and anxiety thereby induced. In no case has it ever been held that mental anguish alone, unaccompanied by an injury to the person, afforded a ground of action." In Wyman v. Leavitt, 71 Me. 227, a contractor of a railroad was blasting rocks within the right of way of the road. The blast blew rocks upon the plaintiff's land, and, in addition to the damage to the land, plaintiff claimed damages for fright, caused by apprehension of personal injury: Held, that he could not recover. Our own recent case of Fox v. Borkey, 126 Pa. 164, was a case of fright from blasting, and it was said by our Bro-

ther MITCHELL, " The injury was not the natural or proximate result of the act complained of." In Lynch v. Knight, 9 H. L. *577, Lord WENSLEYDALE said: " Mental pain or anxiety the law cannot value, and does not pretend to redress, when the unlawful act complained of causes that alone." To the same point are Indianapolis Ry. Co. v. Stables, 62 Ill. 313; Canning v. Williamstown, 1 Cush. 451, Johnson v. Wells, 6 Nev. 224. We need not discuss the authorities cited by the appellant. They are nearly all cases in which the fright was the result of, or accompanied by a personal injury, and have no application to the case in hand.

Judgment affirmed.                                       C.