# Bechtel, Appellant, *v.* Combs.

*Criminal law—Assault and battery—Assault—Menace by letter.*

A threat or menace to commit a completed assault must be an attempt or offer by force to do an injury to the person of another, coupled with the present ability to commit a battery. There may be an assault without any distinct physical injury resulting, but there must be the intent on the part of the person committing the assault to apply force. A mere threat in a letter to call in officers of the law to remove a person by force from certain premises, is not an assault for which an action of trespass may be brought.

*Appeals—Assignments of error—Defective assignment.*

An assignment of error which does not set out any specific ruling, order, or judgment, violates the rules, and will not be considered.

Argued Oct. 7, 1918. Appeal, No. 72, Oct. T., 1918, by plaintiff, from order of Municipal Court, Philadelphia Co., Sept. T., 1917, No. 227, refusing to take off nonsuit in case of Alma C. Bechtel, by her next friend and father, John C. Bechtel, v. Gilbert Raynolds Combs. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for an alleged assault. Before GILPIN, J.

The opinion of the Superior Court states the case.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned,* among others, were (2) refusal to take off nonsuit and (9) in the following form:

9. The court below after having sustained plaintiff's appeal from the illegal taxation of defendant's bill of costs, erred in suffering defendant to maintain said bill, for witnesses not called nor examined in this cause, but who were called and testified in another case and who actually attended court only one day, December 6, 1917; for which same witnesses a bill for their fees was filed in said other cause which double bills are now sought to be maintained and collected from the father of the appellant.

*Theodore Cuyler Patterson*, for appellant.—For an attempt, or a threat or menace, to commit an act of violence upon the body of another, which is an assault in law, and from which any injury comes to the person so threatened, the injured party has his remedy by action of trespass: Hurst v. Carlisle, 3 P. & W. 176; Com. v. Brungess, 23 Pa. C. C. R. 13; Butler v. Stockdale, 19 Pa. Superior Ct. 98.

*Owen B. Jenkins*, for appellee.

OPINION BY ORLADY, P. J., December 12, 1918:

The plaintiff's daughter, Alma C. Bechtel, a musician, arranged to receive instructions in the higher branches of music at the Combs Broad Street Conservatory of Music, Philadelphia, during the scholastic year beginning September 18, 1916, and to continue until the time of graduation in 1917. It is alleged, that Combs agreed that he would in person give to Miss Bechtel instructions once each week during said period, in consideration of which Miss Bechtel should give instructions to pupils and perform at public recitals for the benefit of Combs, and should receive board, her own room and laundry work during the time stated. A controversy arose between the officers of the institute and Miss Bechtel as to her efficiency and her relation to the institute, when she was notified to withdraw. She refused to do so, and on Janu-

ary 27, 1917, a written notice was given to her, by the attorney for the corporation, in substance as follows: "You will please understand, that this note is a positive, direct, official notice to you to at once remove from the room occupied by you at the Conservatory; that your services as teacher are no longer desired, and that in case you do not kindly and promptly comply with this request to go, I regret to state I will be obliged to call in the officers of the law to remove you by force. If, after you depart, you, or your father in your behalf, desire to communicate with me regarding this termination of your relations with the Conservatory, I will be pleased to see or hear from you."

The action is in trespass and against the defendant individually. The conservatory of music is a corporation, and the notice of severance of relation of Miss Bechtel as a pupil there, is from the attorney of the corporation, who acted pursuant to instructions given to him by his client. There was no personal interview alleged or shown between the named defendant and Miss Bechtel, and it is affirmatively shown that the defendant refused to have any interview with her on the subject, and that the notice above quoted was the only cause of assault alleged. It is frankly conceded by counsel that if the facts given do not in law constitute an assault, that the nonsuit entered in this case by the trial judge was proper. It is not necessary to repeat the definitions of assault as given by text writers and in decisions.

In every one called to our attention, and in many other cases examined, the threat or menace to commit a completed assault, must be an attempt or offer by force to do an injury to the person of another, coupled with a present ability to commit a battery. There may be an assault without any distinct physical injury resulting, but there must be the intent on the part of the person committing the assault to apply force. Assault has been frequently defined as a demonstration of an unlawful intent by one person to inflict immediate injury

on the person of another then present, and a battery is not an essential element in an assault. A seeming assault may be explained away by the declaration of the supposed assailant as shown in the old-time illustration of a man who laid his hand on his sword and said to the person with whom he was quarreling. "If it was not assize time I would not take such language from you." The accompanying circumstances are often important in determining the intent of an assailant, but the intent must be clearly shown to indicate a purpose of a physical battery or threats of future violence. It has been long settled that words alone do not constitute an assault. They may endanger the public peace, but do not break it.

The facts in this case fall far short of any definition we have found. The defendant was not individually connected with it. The notice to leave the premises was from the attorney of the corporation. The threat relied on, if it can be given the dignity of that term, was to resort to legal proceedings to determine the right of the parties.

In the above view of the case, the testimony offered by the plaintiff was properly excluded. The ninth assignment is not in accordance with our rules and cannot be considered. The nonsuit was properly entered, and the judgment is affirmed.