Cucinotti, Appellant, *v.* Ortmann.

Argued January 11, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Norman Shigon,* for appellants.

*Alan R. Howe,* with him *Edward Davis,* for appellees.

OPINION BY MR. JUSTICE COHEN, March 22, 1960:

Plaintiffs instituted an action in trespass in the Court of Common Pleas No. 5 of Philadelphia County against defendants on the following complaint:

"2. On or about November 20, 1955, and at other divers times, the Defendants threatened the Plaintiffs by threats of violence that unless the Plaintiffs left the premises at 440 East Girard Avenue, Philadelphia, forthwith, that said Defendants would assault the Plaintiffs with great force and violence and would hit, beat and strike the Plaintiffs.

"3. As a result of said assault, the Plaintiffs were put in fear that a battery might be committed against them, and the Plaintiffs did suffer great emotional distress and are so suffering now and may continue so to suffer for a long time in the future. As a result thereof, the Plaintiffs have had to expend sums of money for medicine and medical attention and may continue to have to do so for a long time in the future."

Defendant Ulrich filed preliminary objections which the court below properly sustained on the ground that the complaint failed to state a cause of action in assault.

Generally speaking, an assault may be described as *an act* intended to put another person in reasonable apprehension of an immediate battery, and which succeeds in causing an apprehension of such battery. See 1 Harper & James, Law of Torts §3.4 (1956). Words in themselves, no matter how threatening, do not constitute an assault; the actor must be in a position to carry out the threat immediately, and he must take some affirmative action to do so. *Bechtel v. Combs,*

70 Pa. Superior Ct. 503 (1918); 1 Restatement, Torts §31; Harper & James, supra, §3.5 As the lower court correctly pointed out, the allegation in the original complaint amounted to nothing more than threats of violence and was, therefore, legally insufficient to support a cause of action in assault. The court, in its opinion, went on to say: ". . . to convert a threat into an assault . . . require[s] some act *eo instanti* to indiciate that the battery or other undesirable result will ensue immediately. Plaintiffs have not pleaded any such battery; indeed, we do not apprehend at this time whether or not plaintiffs are capable of doing so; however, we will grant leave to amend so that plaintiffs may avail themselves of the opportunity of filing a legally sufficient complaint."

Subsequently, the plaintiffs filed the following amended complaint:

"2.) On or about November 20, 1955, at 440 East Girard Avenue, Philadelphia, Pennsylvania, the defendants threatened the plaintiffs with threats of violence that the defendants would commit immediate bodily harm upon the plaintiffs, and would strike the plaintiffs with blackjacks and would otherwise hit them with great force and violence.

"3.) At the time as aforesaid, the plaintiffs were put in great fear by the offer of the defendants to commit bodily harm upon them.

"4.) As a result of the offers by the defendants to commit immediate bodily harm upon the plaintiffs, the plaintiffs were placed in fear that a battery would be committed against them.

"5.) As a result of the aforesaid, the plaintiffs did suffer great emotional distress and do now so suffer and may continue to suffer in the same manner in the future.

"6.) As a result of the aforesaid, the plaintiffs have had to expend sums of money for medicine and medical

attention and they may continue to have such expenditures for a long period of time in the future."

The lower court again sustained preliminary objections brought by the defendant Ulrich, indicating that again no cause of action had been pleaded, but this time the court denied the plaintiffs the right to amend and plead further. From this order the plaintiffs appeal.

As the lower court points out, the only distinction between the two complaints is that in the amended complaint plaintiffs aver that defendants "would commit immediate bodily harm." The amended complaint does not set forth any new facts which would indicate that defendants committed any overt act other than oral threats. Threatening words alone are deemed insufficient in this jurisdiction to put a person in reasonable apprehension of physical injury or offensive touching. *Bechtel v. Combs,* supra. See also 1 Restatement, Torts §31; Harper & James, supra. We agree that no cause of action in assault was pleaded in the amended complaint.

Plaintiffs would also have us look upon the complaint as stating a cause of action for the intentional infliction of emotional distress. It is the well-settled rule in Pennsylvania that there can be no recovery of damages for unintentional injuries resulting from fright or nervous shock or mental or emotional disturbances or distress, unless they are accompanied by physical injury or physical impact: *Bosley v. Andrews,* 393 Pa. 161, 142 A. 2d 263 (1958); *Koplin v. Louis K. Liggett Co.,* 322 Pa. 333, 185 Atl. 744 (1936); *Ewing v. Pittsburgh C. & St. L. Ry. Co.,* 147 Pa. 40, 23 Atl. 340 (1892). While the rule may be different where the infliction is *intentional,* see Restatement, Torts §46 (1948 Supp.), plaintiffs here plead emotional distress as the consequential result of an alleged offer to inflict bodily harm, which pleadings are legally insuffi-

cient to create liability. See Restatement, Torts §47 (1948 Supp.).

Plaintiffs further contend that they should not have been denied leave to again amend their complaint. Our rules of civil procedure place no limitation upon the number of amendments which may be allowed in any action. Moreover, under Rule 1033, Pa. R.C.P., which allows amendments to the pleadings at any time by leave of court, the lower courts generally, and properly so, have exercised a liberal policy in allowing amendment where no party is prejudiced thereby and fairness militates that it be done. See 2 Anderson Pa. Civil Practice, p. 535, n. 5. Where, as here, the plaintiffs fail to set forth any suspicion of the existence of facts sufficient to support a cause of action, our scope of review is merely over the exercise of discretion by the lower court in disallowing further pleadings, which we will not reverse in the absence of plain error. *McNernie v. W. S. Peace, Inc.*, 344 Pa. 24, 24 A. 2d 12 (1942); *Trabue v. Walsh*, 318 Pa. 391, 177 Atl. 815 (1935).

Other than laying great stress upon the policy of liberality in permitting amendments, as set forth in the Pennsylvania Rules of Civil Procedure, the plaintiffs give no reason for disturbing the lower court's decision. In its opinion dismissing the original complaint, the lower court made it clear that plaintiffs would have to allege some affirmative act by defendants in an amended complaint in order to proceed to trial. Plaintiffs cannot, and do not, plead surprise or lack of time to prepare an allegation of this nature. We can only assume, as did the lower court, that plaintiffs are unable to set forth such an allegation.

On this basis alone we would affirm the lower court. We have an additional reason, however, in that the record sets forth plaintiffs' proposed second amended complaint in trespass. The latter differs from the

amended complaint before us only in the addition of the following paragraph: "2. On or about November 20, 1955, at 440 East Girard Avenue, Philadelphia, Pennsylvania, the defendants herein did bring into view and show to the plaintiffs that they the defendants were carrying blackjacks."

This additional paragraph in no way cures the defects in the original complaint. There is still no allegation indicating that the blackjacks were produced with such a show of force as to place plaintiffs in immediate fear of harmful bodily contact. Nor is there any indication of a connection in time between the showing of the blackjacks and the asserted threats of violence. The two incidents might very well have occurred at different times on the same day. It simply has not been alleged that defendants have indulged in any act that amounts to an offer to commit a battery. That the defendants had in their possession blackjacks does not convert unactionable words into an actionable trespass unless the blackjacks were displayed and produced in such a manner as to amount to an offer to commit a battery.

Order affirmed.

---

Dissenting Opinion by Mr. Justice Musmanno:

The theory in Pennsylvania negligence law that there must be a physical battery before there can be a recovery is one that will, one day, I am confident, be repudiated by this Court. I addressed myself at length to this subject in *Bosley v. Andrews,* 393 Pa. 161.

In that case a herd of cows, squired by a 1500-pound Hereford bull, invaded the Bosley farm. When Mrs. Bosley tried to drive them away, the bull, in assumed chivalrous support of his female escorts, pursued Mrs. Bosley but never actually overtook her, al-

though his menacing horns came within 15 feet of impaling her. As a result of this assault, without physical battery, Mrs. Bosley suffered a heart attack. This Court held there could be no recovery against the owner of the bull because the bull's horns had not actually touched Mrs. Bosley.

In this case the Majority follows the same theory it did in the *Bosley* case, and I will accordingly end this short dissenting opinion in the same way I ended my dissent in the *Bosley* case, namely:

"I wish to go on record that the policy of nonliability announced by the Majority in this type of case is insupportable in law, logic, and elementary justice—and I shall continue to dissent from it until the cows come home."