## Degillio v. Harry F. Goeringer & Sons

*Nicholas Degillio*, plaintiff, *p.p.*

*Bedford, Waller, Griffith, Darling & Mitchell*, for defendants.

PINOLA, P. J., July 8, 1966. — On April 4, 1966, plaintiff caused a writ of replevin with bond to be issued to recover certain property which defendants had seized in distress proceedings under The Landlord and Tenant Act of April 6, 1951, P. L. 69, 68 PS §250.101 et seq.

On April 7, 1966, defendants obtained a rule to show cause why the writ should not be quashed and the bond stricken. They contend: (1) that the bond is defective because the surety does not qualify, (2) that plaintiff failed to file an affidavit of value, and (3) that the action was not brought in time.

Plaintiff filed no answer to defendants' petition and, therefore, all averments of fact sufficiently pleaded must be taken as true: Rule 206(d).

1. The bond in this case is signed by Josephine Spagniolo as surety, and she swears that she owns the real estate referred to therein in her own right. The record reveals that it is owned by her and her husband, Antonio Spagniolo, as tenants by the entireties. Moreover, the property is encumbered by a mortgage in favor of plaintiff herein, Nicholas Degillio, in the amount of $2500, contrary to the sworn statement in the bond that said real estate is unencumbered. Clearly, such a bond is defective. Counsel ignored the new rules and cited old cases.

We are aware that under the old replevin act, the filing of a validly executed bond was a condition precedent to the issuance of a writ: Huron Leather Co., Ltd. v. Sklar, 101 Pa. Superior Ct. 534. And we are also aware that in York Ice Machinery Corporation v. Robbins, 323 Pa. 369, the court stated (p. 372):

"A defendant has the option of proceeding to quash the writ if a bond is defective or invalid; he need not give a counter-bond to secure possession of the goods under those circumstances. On the quashing of the writ possession of the goods is restored to him".

However, under the new rules, this result does not follow. In 1 Goodrich-Am. §1073(a)-4, pp. 54 and 55, the authors state:

"Under the prior practice, a defective bond resulted in a void writ. The plaintiff could not, by amendment or substitution, validate the writ. He was required to commence anew. This result need not follow under these Rules. If the bond is defective or invalid, it is true that no seizure of the goods may be made by the sheriff. Yet the writ can remain as a writ of replevin 'without bond' and the plaintiff will have his remedies thereunder. Rule 1073(b) permits an action

of replevin 'without bond' to be converted into an action 'with bond' 'at any time before the entry of judgment'. Therefore the plaintiff, in this action 'without bond' may file a new or substituted bond, and this will effect the conversion of the action into a replevin 'with bond' in the 'original action' ".

In Moss v. Becker, 61 York 195, President Judge Henninger, of Lehigh County, referred to the changes in replevin wrought under the new rules of civil procedure. Where the original bond filed by plaintiff was found defective, he permitted the substitution of a new bond. Under rule 1080(4), he feared that this could not be done because the language is so similar to the Act of April 19, 1901, P. L. 88, 12 PS §1842. Then, he declared (p. 196) :

"But plaintiffs need not depend upon the language of Pa. R. C. P. 1080(4) for their right to enter a new bond. One of the purposes of the Pennsylvania Rules of Civil Procedure is to avoid useless technicalities: Pa. R. C. P. 126 provides, 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties' ".

In Dudurich v. Irwin, 63 D. & C. 696, the court struck off a bond, but gave plaintiff the right to file a substituted bond correcting the defects.

In Wilson v. Howard Johnson Restaurant, 421 Pa. 455, Justice O'Brien stated, page 460 :

"We said in Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963) : 'However, the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party: Arzinger v. Baughman, 348 Pa. 84, 34 A. 2d 64 (1943) ; Esso Standard Oil

Co. v. Taylor, 399 Pa. 324, 159 A. 2d 692 (1960). The Pennsylvania Rules of Civil Procedure have embodied the modern philosophy of jurisprudence and court procedure and allow amendments with great liberality to the end that justice by all parties may be achieved: See Pa. R. C. P. 1033; 20 U. Pitt. Law Rev. 553 (1958); 2 Anderson Pa. Civ. Pract., p. 535; Cucinotti v. Ortmann, 399 Pa. 26, 159 A. 2d 216 (1960)' ".

We are certain that the bank-landlord would rather have money than second-hand office fixtures and, therefore, we will permit plaintiff to file a valid bond.

2. Defendants contend that plaintiff's failure to file an affidavit of value invalidates the writ.

We could treat the proceedings as being a replevin without bond, were it not for the provision that the right of an owner to replevy goods under distress must be pursued by an action of replevin with bond: Pambosh Industries, Inc., v. Pittsburgh Western Land Corp., 30 D. & C. 2d 712.

Pa. R. C. P. 1073 provides:

"(a) An action of replevin with bond shall be commenced by filing with the prothonotary a praecipe for a writ of replevin with bond, together with:

"(1) the plaintiff's affidavit of value of the property to be replevied. . . ."

Counsel for defendants cite two cases, Hosler v. Kush, 20 D. & C. 112, 28 Luz. 68, and Henry v. Weidenhamer, 4 Just. 7, 2 Northumb. 7, for the proposition that the requirement of an affidavit of value is mandatory and that it is a prerequisite to the issuing of the writ. They were less than frank with the court, because they should have added that two other cases held the requirement to be directory: Hill v. Mervine, 13 Dist. R. 580, 5 Lack. Jur. 184, and Midwest Commercial Credit Co. v. Woloszyn, 11 D. & C. 494, 15 Westmoreland 246. And, they should have added, from 10 Standard Pa. Prac. §490:

"The Supreme Court declared generally that the requirement as to the affidavit of value was merely a direction to the prothonotary, outlining the practice to be followed by him in fixing bail; that court held that defects in such an affidavit were in no sense fatal to the replevin. Automobile Secur. Co. v. Swisshelm, 269 Pa. 153, 112 A. 56".

We, therefore, will permit plaintiff to file an affidavit of value.

3. Defendants' third reason for quashing the writ is that it did not issue within five days from the date of distress, according to section 306 of The Landlord and Tenant Act of 1951, P. L. 69, 68 PS §250.306.

At argument, counsel made no reference to this reason, perhaps because they learned that several courts have held that a plaintiff may replevy goods at any time before actual sale: Starr v. Simon, 9 Pa. C. C. 15; Sommer Piano Co. v. Wood, 8 Luz. 494; Kines v. Driscoll, 39 Dauph. 111.

Plaintiff has obtained a rule to show cause why defendants' rule should not be quashed because it was not served within five days, as required by Rule 206(b). While this procedure is improper, we will consider it.

Pa. R. C. P. 1025 provides:

"Every pleading of a party represented by an attorney shall be endorsed with the name of the attorney, and every pleading of a party not represented by an attorney shall be endorsed with the name of the party, together in each case with an address within the county".

In this case, from the record it appears that plaintiff failed to furnish his address in any paper filed until April 15, 1966, when he filed his petition to strike. It was, therefore, impossible for defendants, when they filed their petition on April 7, 1966, to know where they could serve plaintiff. It was not until April

15, 1966, that plaintiff furnished the information required by rule 1025. Promptly thereafter, to wit, April 15, 1966, defendants mailed a copy of their petition and rule to plaintiff, who received the same on April 16, 1966. Plaintiff, having violated the rules of civil procedure by failing to furnish his address, has no standing to demand that defendants' petition be stricken, especially when service was made on him within one day after his compliance with the rules.

Under the circumstances, we enter the following

### ORDER

Now, July 8, 1966, the rule of plaintiff to show cause why defendants' rule should not be stricken is discharged; the rule of defendants to show cause why new security should not be entered by plaintiff is made absolute; and plaintiff is directed to substitute a valid bond for the present bond and to accompany it with a proper affidavit of value within 20 days.