**Joseph P. MOLTER and Gertrude Molter and Michael Molter and Joseph P. Molter, III, Minors by their parent and natural guardian, Gertrude Molter**

v.

**UNITED STATES of America.**

**Civ. A. No. 68–210.**

United States District Court, E. D. Pennsylvania.

Jan. 7, 1970.

Louis Mitchell Paul, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Victor Wright, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM

BODY, District Judge.

Before the Court in this matter is defendant's motion under Fed.R.Civ.P.

12(c) for judgment on the pleadings. The plaintiffs herein are Joseph P. Molter, his wife and two children. They seek to recover under the Federal Tort Claims Act, 28 U.S.C. § 2674, for the humiliation, scorn, hatred and contempt to which they have allegedly been subjected by reason of Joseph P. Molter's conviction on charges of first degree murder. Plaintiffs allege that the defendant's employees at the Veterans' Hospital in Coatesville, Pennsylvania, were guilty of negligence in discharging Molter from that hospital when in fact he constituted a potential menace to both himself and society. As the direct result of that discharge, they allege Molter attempted to commit a robbery, killing two people and wounding several others in the process. His aforementioned conviction then followed.

Jurisdiction over tort claims against the United States is conferred on the district courts in 28 U.S.C. § 1346(b). That subsection provides in part:

> "Subject to the provisions of Chapter 171 of this title, the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, for * * * personal injury * * * under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

It is therefore necessary to the Court's subject matter jurisdiction that the United States, if a private person, be liable to the claimant under the facts of the case and in accordance with the law of the place where the alleged negligence occurred. Such is not the case under the facts pleaded in the plaintiffs' complaint and recited above. It is well settled that under Pennsylvania law "there can be no recovery for humiliation, disappointment, anxiety, or mental suffering, or emotional distress when unconnected with physical injury or physical impact (cases cited)." Gefter v. Rosenthal, 384 Pa. 123, 125, 119 A.2d 250, 251

(1956). See also Cucinotti v. Ortmann, 399 Pa. 26, 159 A.2d 216 (1960); Stone v. C.I.T. Corp., 122 Pa.Super. 71, 184 A. 674 (1936). Since the damages alleged are limited to mental suffering, the defendant's motion for judgment on the pleadings must be granted.