## Anderson v. G.A.C. Consumer Discount Co.

*Oliver, Price & Rhodes, Robert P. Browning*, for plaintiff.

*Eugene Nogi and James T. McHale*, for defendant.

ROBINSON, P.J., October 13, 1971.—These are preliminary objections to a complaint in trespass.

Florence M. Anderson, deceased, in her lifetime, sued to recover for tortious conduct by defendant which caused her to undergo shame, humiliation,

mental and emotional distress and physical harm. Upon the death of the said Florence M. Anderson, her administrator was substituted as plaintiff and filed the complaint here objected to. The complaint charges defendant with and seeks damages for (1) unwarranted and intentional intrusions into Mrs. Anderson's privacy; and (2) intentional and outrageous and abusive conduct which caused her shame, humiliation, emotional distress and bodily harm.

While the facts as alleged by plaintiff must be taken as true upon preliminary objections, it is unnecessary to state them in detail here. Plaintiff's claim is based upon alleged tortious, abusive, outrageous, harassing and offensive collection methods employed by defendant's agents and employes to collect a claim for which not Mrs. Anderson but another was legally indebted.

The preliminary objections are by way of a demurrer and aver that the causes of action pleaded in the complaint abated by and did not survive Mrs. Anderson's death. Defendant contends that the actions for invasion of privacy and libel and slander abate and do not survive the death of the person injured or defamed. Plaintiff contends that the actions did not abate upon the death of Mrs. Anderson, since all actions, real and personal, survive in Pennsylvania except actions for libel and slander and that no claim for defamation of character is pleaded.

We are unanimous that the claims pleaded in the complaint survived Mrs. Anderson's death and that the preliminary objections must be overruled. Whether actions survive or abate upon the death of plaintiff has been legislatively determined in Pennsylvania. The Fiduciaries Act of April 18, 1949, P. L. 512, art. VI, sec. 601, 20 PS §320.601, provides that:

"All causes of action or proceeding, real or personal, except actions for slander or libel, shall survive the death of the plaintiff. . ."

This enactment clearly mandates the survival of all actions, real or personal, except defamation claims alleging injury to reputation. This statutory provision will admit no other interpretation, and we are not governed by the provisions or interpretation of survival statutes in other jurisdictions.

Claims pleaded by plaintiff for the invasion of privacy and damages for outrageous conduct resulting in emotional distress are both actionable in Pennsylvania. The action for damages for an invasion of one's privacy relate to injury to the aggrieved person's feelings and is not to be confused with defamation claims for injuries to the reputation. See Hull v. Curtis Publishing Co., 182 Pa. Superior Ct. 86. Plaintiff's claim for outrageous and abusive conduct resulting in emotional distress is founded upon A.L.I. Restatement 2d, Torts, sec. 46(1), which provides that:

"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

The rule has been adopted as the law of Pennsylvania and the tort is actionable here. See Forster v. Manchester, 410 Pa. 192; Cucinotti v. Ortmann, 399 Pa. 26.

Since plaintiff's actions are not based upon defamation of character and damages for injury to reputation are disclaimed, they survived Mrs. Anderson's death and are not abated under section 601 of the Fiduciaries Act, supra.

Now, October 13, 1971, the preliminary objections to the complaint are overruled and defendant is allowed 20 days in which to file an answer. Exceptions are allowed defendant.