507 A.2d 831

**GENERAL MACHINE CORPORATION and Reliance Steel Products Company and Raymond G. Perelman, Appellants,**

**v.**

**Stephen M. FELDMAN, Individually, and Stephen M. Feldman, P.C., Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 23, 1985.

Filed April 8, 1986.

Carl N. Martin, II, Philadelphia, for appellants.

Jeffrey B. Albert, Philadelphia, for appellees.

Before OLSZEWSKI, TAMILIA and KELLY, JJ.

OLSZEWSKI, Judge:

This matter comes before this Court on appeal from an order of the lower court sustaining appellees' demurrers to certain counts of appellants' complaint and dismissing the same with prejudice. For the reasons that follow, we quash part of the appeal and affirm the trial court's decision with respect to the remaining issues.

In May 1982, the corporate appellants, General Machine Corporation ("General") and Reliance Steel Products Company ("Reliance") retained appellees, Stephen M. Feldman and Stephen M. Feldman, P.C., to pursue two unrelated civil actions in federal court. Three months later, General's case was scheduled for trial in November 1982. At the same time, a personal injury case of appellees was also listed for trial commencing in November 1982. Appellants allege that communications continued between the parties into the Fall of 1982, but at no time did appellees alert their clients of the potential scheduling conflict. In addition, appellees were granted a continuance without appellants' knowledge and approval; and, despite appellant Perelman's instructions to proceed to trial without any delay, appellees petitioned the court to withdraw as counsel in General's case. The petition was denied and appellees were instructed to proceed to trial on November 29, 1982. Because appellees appealed this decision, the trial was postponed pending the outcome of that matter. Subsequently, appellees sought to withdraw their appearance on behalf of appellant Reliance.

On October 24, 1983, a hearing was conducted before the Fee Dispute Committee of the Philadelphia Bar Association to ascertain General's right to recover attorney's fees paid to appellees. Following a discussion, it is alleged that appellee Feldman refused to return certain documents belonging to appellants and threatened to interfere with anyone's attempted retrieval. Appellants thereafter filed a six count complaint against appellees seeking to recover damages resulting from appellees' withdrawal from the case.

In Count I of the complaint, appellant General alleged that appellees had breached their contract to represent General in certain litigation in federal court. Count II of the complaint incorporated by reference the facts averred in Count I, and demanded damages for appellees' allegedly tortious conduct as established by the facts in Count I. In Count III of the complaint, appellant Reliance claimed that appellees had breached their contract to represent Reliance in certain other federal court litigation. Count IV incorporated by reference the facts averred in Count III, and demanded damges for appellees' tortious conduct as established by the facts in Count III. In Count V, appellant General sought damages for appellees' conversion of certain documents belonging to General. Finally in Count VI, appellant Perelman sought damages from appellees for assault and for the robbery of documents and services.

In response to the complaint, appellees filed preliminary objections which included demurrers to Counts II, IV, and VI. The trial court sustained the demurrers to these counts by an order of March 6, 1985. Appellants now contend that the lower court erred in dismissing Counts II and IV of their complaint since these counts stated a cause of action for tortious conduct based on appellees' alleged violations of certain Disciplinary Rules and certain Local Rules of the United States District Court for the Eastern District of Pennsylvania. They further contend that Count VI of their complaint states a cause of action for assault or statutory robbery and that it was error for the trial court to dismiss

Counts II, IV and VI without giving them an opportunity to amend the pleadings.

■ In the first instance, it should be noted that this Court lacks the jurisdiction to address appellant's first claim based on this Court's decision in *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983) (en banc). According to the *Praisner* court, when separate counts of a multi-count complaint have been used to state alternative theories of recovery on the same cause of action, an order dismissing or entering judgment on one or more but not all counts of the complaint is interlocutory, since plaintiff still can proceed to a determination on the underlying cause of action. *Id.*, 313 Pa.Superior Ct. at 341, 459 A.2d at 1260. *See also J.A. & W.A. Hess, Inc. v. Hazle Township*, 465 Pa. 465, 350 A.2d 858 (1976).

In the instant case, we note that Counts I and II and Counts III and IV, respectively, state alternative theories of recovery for appellees' alleged attorney malpractice action; Counts I and III having for their basis a breach of contract claim, and Counts II and IV having for their basis a tortious misconduct claim. Since Counts II and IV of appellants' complaint are still viable, we therefore conclude that the appeal taken pursuant to the order dismissing Counts II and IV of appellants' complaint is interlocutory and unappealable.

■ With respect to appellants' second contention that Count VI of their complaint adequately states a cause of action for assault or statutory robbery, we disagree. Appellants allege that at a hearing before the Fee Disputes Committee, appellant General supplied certain documents to appellee Feldman solely for his use at the hearing. When it became apparent that appellee would not participate in the hearing, the panel directed him to return the documents. Appellee allegedly refused to comply and threatened to inflict bodily injury upon any person who attempted to recover the documents from him. Appellant Perelman was present at the hearing and interpreted the statements in a

manner outlined in Count VI of the above mentioned complaint. The court below dismissed this count noting that appellee Feldman's threatening words alone were insufficient to place appellant Perelman in reasonable apprehension of physical injury or offensive touching. After a careful review of this matter, we agree with the trial court that the alleged threat here was conditional and thus did not reflect a present purpose to do harm. According to our supreme court's decision in *Cucinotti v. Ortmann*, 399 Pa. 26, 159 A.2d 216 (1960), "threatening words alone are insufficient to put a person into reasonable apprehension of physical injury or offensive touching; rather, the actor must be in position to carry out threats immediately and he must take some affirmative action to do so." *Id.*, 399 Pa. at 27, 159 A.2d at 217.

█ We further disagree with appellants' contention that the facts as alleged in pertinent part of appellants' complaint state a cause of action for statutory robbery, 18 Pa.C.S. Sec. 3701(a)(1)(ii) and (iv) and terroristic threats, 18 Pa.C.S. Sec. 2706. Since a common law tort remedy is available to appellants in this instance, they may not obtain relief by utilizing penal statutes to support their claim for civil remedies. *Cf. Everett v. Harron*, 380 Pa. 123, 110 A.2d 383 (1955).

█ Nor do we find merit in appellants' final argument that the trial court should have allowed appellants to amend their complaint with respect to Counts II, IV, and VI. It is noteworthy that a decision to permit an amendment to a pleading is a matter committed to the discretion of the trial court. *See Tanner v. Allstate Insurance Co.*, 321 Pa.Super. 132, 467 A.2d 1164 (1983). And, although amendments are liberally allowed by Pennsylvania courts, they will not be granted where the proposed amendment is against a positive rule of law. *Id.*, 321 Pa.Superior Ct. at 137, 467 A.2d at 1167. As a result, we therefore are compelled to find that such an attempted amendment to the instant pleadings would only result in a waste of the court's resources and impose a burden on the opposing party to

defend against a meritless amendment. Since the law is well settled on the appellants' cause of action for assault, we affirm the trial court's decision denying such an amendment.

Order affirmed. Appeal quashed in part.