## Bock v. Baker

*John F. Becker,* for plaintiff.
*Leo Stepanian,* for defendant.
*Lee A. Montgomery,* for additional defendant.

HOUSE, *P.J.,* October 20, 1987—Before the court for disposition is a motion for sanctions filed on behalf of defendant, David Kent Baker; motions to amend answer and new matter filed on behalf of defendant Baker and additional defendant Zylinski; and a motion to direct plaintiff to appear for another deposition filed on behalf of defendant Baker.

### FACTS

This action arose out of an automobile accident which occurred on May 8, 1985, in South Buffalo Township, Armstrong County. At the time of the ac-

cident, plaintiff was riding as a passenger in her own vehicle which was being operated by additional defendant Zylinski. The vehicle with which they collided was being operated by defendant Baker.

Plaintiff filed her complaint in this matter on January 24, 1986, alleging that the accident and resultant injuries were caused by the negligence of defendant Baker. Thereafter, defendant Baker filed answer and new matter alleging that, at the time of the accident, additional defendant Zylinski was operating plaintiff's vehicle as the agent, servant or employee of plaintiff in, about, and in furtherance of plaintiff's business and that the accident and resultant injuries were caused by the negligence of Zylinski. In the alternative, defendant Baker alleges that plaintiff and Zylinski were on a joint venture or that the negligence of Zylinski should be imputed to plaintiff. Defendant Baker further asserts that the Pennsylvania Comparative Negligence Act applies and that plaintiff's negligence exceeds that of defendant and, therefore, bars recovery by plaintiff. Defendant Baker then filed a complaint against additional defendant Zylinski. Plaintiff then filed her reply to new matter and additional defendant Zylinski filed his answer to defendant Baker's complaint.

Defendant Baker filed the instant motion for sanctions due to plaintiff's alleged failure to produce certain records requested by defendant in his interrogatories. Subsequently, defendant Baker and additional defendant Zylinski each filed motions to amend answers and new matter. Then, in May 1987, defendant Baker filed the instant motion to direct plaintiff to appear for a further deposition.

Briefs have been submitted by the parties and oral argument has been received in these matters which are now ready for disposition.

## ISSUES

I. Is defendant entitled to a copy of plaintiff's medical records and a copy of her income tax records?

II. Should defendants be permitted to amend their answers and new matter to raise the so-called seat belt defense?

III. Should plaintiff be directed to appear for another disposition?

## DISCUSSION

### I. *Motion for Sanctions*

Defendant Baker filed the instant motion for sanctions against plaintiff on the grounds that plaintiff had failed to execute certain authorizations which would enable defendant to obtain copies of plaintiff's medical records and for failure to furnish the requested income tax returns. It is defendant's contention that the requested records are relevant and material to this matter and are, therefore, discoverable.

Regarding defendant's request for production of plaintiff's medical records, it appears to be plaintiff's contention that, while defendant may, indeed, be entitled to obtain a copy of plaintiff's medical records, he is only entitled to such records after plaintiff's counsel has had an opportunity to obtain the same and remove those portions of the records which would cause undue embarrassment or which are constitutionally privileged.

In *Adams v. Armstrong County Memorial Hospital et al.,* C. P. Armstrong County, no. 1981-0029-Civil, this court discussed at length the issue of production and inspection of a plaintiff's medical records. We held therein that a defendant does, in-

deed, have the right to view the medical records of a plaintiff and that the court can order a plaintiff to execute an authorization permitting the examination of those records. In so holding, we noted that the policy in Pennsylvania is towards liberal construction of discovery rules. We also found that the interests of fairness and justice demand that, where a plaintiff has placed his or her condition at issue, both parties should have equal access to any relevant information concerning that condition. See, also *Matychuck v. Purnell,* 11 D.&C.2d 507 (1957); *Yankovick v. Dicks,* 14 D.&C.2d 53 (1957).

In the instant matter, plaintiff is alleging that she sustained injuries to her head, neck, right arm and lower back as a result of the accident. Thus, plaintiff has placed her condition at issue. For the reasons discussed above, it is, therefore, clear that defendant has a right to view any relevant information concerning the plaintiff's medical condition. Because a patient's medical records may, however, contain information relating to the treatment of medical problems which have no relationship whatsoever to the medical condition that is the subject of the pending action, or information which would cause undue embarrassment to plaintiff, or which is constitutionally privileged, this court will not require plaintiff to furnish authorizations making her entire medical file immediately available for defendant's inspection. Rather, plaintiff's counsel shall be permitted to examine plaintiff's medical records initially and may object in writing to the disclosure of portions claimed to be privileged, etc. If objections are filed, the court shall examine the record in the light of the objections and make such rulings as may be indicated. Plaintiff shall then be directed to produce copies of all medical records then remaining which are or may be relevant to the medical con-

dition or injuries which are the subject of this action.

Defendant is also requesting that plaintiff furnish to her copies of her federal income tax returns for the year of the accident and the two years prior thereto.

Plaintiff objects to producing said tax returns on the ground of relevancy. It is plaintiff's contention that the income tax returns may disclose personal income of plaintiff and/or deductions or business expenses taken by plaintiff which would be irrelevant in the instant matter and that the information defendant has already received, apparently consisting of income data from plaintiff's employer, is all that defendant is entitled to receive. For reasons set out below, we do not agree with plaintiff's contention.

Plaintiff is seeking to recover damages for injuries allegedly sustained as a result of an automobile accident. The complaint avers, inter alia, a loss of earnings on the part of plaintiff as a result of her injuries. The law is clear that there is no privilege to refuse to produce income tax returns for purposes of inspection where a party's earnings are at issue. See, e.g. *Kine v. Forman,* 205 Pa. Super. 305, 209 A.2d 1 (1965); *Winck v. Dailey Mack Sales Inc.,* 21 D.&C.3d 399 (1980). The fact that said returns may not be admissible at trial will not prevent discovery of the returns provided the returns would be both relevant and of substantial aid to the party seeking discovery. See *Winck,* supra; see also 10 Goodrich-Amram 2d §4003.1:9 and §4009(a):4.

Clearly, plaintiff's income tax returns for the year in which the accident occurred and for the two years prior thereto, for comparison purposes, are relevant to the issue of loss of earnings. Also, it is likely that inspection of the income tax records sought

will aid defendant in preparing for trial.

In view of the above, plaintiff shall be directed to furnish to defendant copies of her income tax returns for the years 1983, 1984 and 1985.

## II. *Motion to Amend Answer and New Matter*

Defendant Baker has filed a motion to amend answer and new matter in order to raise the so-called seat belt defense. Additional defendant Zylinski has filed an identical motion to amend his answer and new matter. Both parties desire to include allegations that plaintiff was not wearing a seat belt or harness strap at the time of the accident. These allegations are for the purpose of alleging contributory negligence on plaintiff's part and/or her failure to mitigate damages.

Plaintiff opposes the motion on the grounds that the laws of Pennsylvania do not recognize seat belt defense and that the proposed amendment is untimely.

While the general policy of Pennsylvania courts is that amendments to pleadings should be liberally allowed so as to secure a determination of cases on their merits, such amendments will usually not be allowed where the proposed amendment is contrary to a positive rule of law. *Tanner v. Allstate Insurance Company,* 321 Pa. Super. 132, 467 A.2d 1164 (1983); *General Machine Corporation v. Feldman,* 352 Pa. Super. 180, 507 A.2d 831 (1986). Thus, we must first consider whether a plaintiff's failure to use a seat belt constitutes contributory negligence such that it will bar a plaintiff's recovery and also consider whether the failure to wear a seat belt is, of itself, evidence of a failure to mitigate damages.

The question of whether the failure to use seat belts may be raised as evidence of contributory negligence has been considered by the appellate courts

in many states. An overwhelming majority of such courts have held that the non-use of seat belts does not constitute contributory negligence per se. See generally, Annotation, Automobile Occupation Failure to Use Seat Belt as Contributory Negligence, 92 A.L.R. 3d 9. The prevailing rationale for this conclusion is that the failure to use a seat belt in no way contributed to or brought on the occurrence of the accident. Similarly, a number of jurisdictions which have decided this issue under comparative negligence principles have held that the failure to use a seat belt by a plaintiff automobile occupant does not constitute such negligence as will permit an apportionment of damages between the parties where such failure did not contribute to the accident, but merely to the severity of the injuries sustained. See Annotation, Nonuse of Automobile Seatbelts as Evidence of Comparative Negligence, 95 A.L.R. 3d 239.

There is, however, greater disparity among the courts regarding the issue of whether the seat belt defense is applicable for purposes of mitigation of damages. See Annotation, Nonuse of Seat Belts as Failure to Mitigate Damages, 80 A.L.R. 3d 1033.

In Pennsylvania, the only appellate court case which has discussed this issue is *Parise v. Fehnel,* 267 Pa. Super. 79, 406 A.2d 345 (1979). In *Parise,* the issue before the court was whether the trial court had erred in refusing to charge the jury that it could consider plaintiff's failure to use a seat belt as evidence of contributory negligence if it found a causal connection between the non-use of the seat belt and plaintiff's injuries. The Superior Court held that the trial court's refusal to so charge the jury was proper. The court, in its opinion, indicated that it may have allowed defendant to raise the seat belt defense as evidence of plaintiff's failure to mitigate

damages if defendant had introduced expert testimony which established a relationship between the injuries and the non-use of the seat belt.

Notwithstanding the dicta found in *Parise,* supra, we can not conclude that the failure to use a seat belt may be considered either as evidence of contributory negligence or as a basis for mitigating damages. Thus far, no Pennsylvania appellate court has held that a plaintiff's failure to wear a seat belt constitutes negligence.

The law does not require a plaintiff to anticipate that he or she will be involved in an accident and the law does not penalize a plaintiff for failing to anticipate an accident.

For these reasons, we must deny defendants' motions to amend their answers and new matter to include allegations of plaintiff's failure to wear a seat belt.

### III. *Motion to Direct Plaintiffs to Appear for Deposition*

Plaintiff was deposed by oral examination on March 25, 1987. Apparently, during the deposition, plaintiff's counsel objected to and refused to permit plaintiff to answer certain questions pertaining to:

(1) The right to control the vehicle being driven by additional defendant Zylinski.

(2) Whether plaintiff was wearing a seat belt.

(3) Whether plaintiff had any other injuries or illnesses from 1980 to the date of the accident.

Defendant Baker has filed the instant motion in which he is requesting the court to direct plaintiff to appear for another deposition and to answer all questions pertaining to the above inquiries. It is defendant's position that these questions are proper under rule 4003.1 of the Pennsylvania Rules of Civil Procedure.

The policy in Pennsylvania is that discovery rules are to be liberally construed. Generally, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. See generally, Pa.R.C.P. 4003.1; *Little v. Allstate Ins. Co.,* 16 D.&C.3d 110 (1980). A court may, however, prohibit the discovery of matters which are not likely to lead to the discovery of admissible evidence or which call for a legal conclusion. See 6 Standard Pennsylvania Practice 2d, §34:13; Holtby v. Mason, 41 D.&C.2d 448 (1967).

Clearly, defendant's question pertaining to the right to control the vehicle being driven by Zylinski is calling for a legal conclusion. See e.g. *Smalich v. Westfall,* 440 Pa. 409, 269 A.2d 476 (1970). Therefore, plaintiff is not required to answer said question since it is beyond the permissible scope of discovery. Of course, defendant is privileged to ask questions designed to elicit *facts* upon which a determination of "right to control" might be derived.

Similarly, plaintiff is not required to answer the question regarding her use or non-use of a seat belt. Our rules of discovery require that the information sought be reasonably calculated to lead to admissible evidence. Any matters sought which are not likely to lead to admissible evidence are, therefore, outside the permissible scope of discovery. Thus, we may properly deny the discovery of information which is relevant only to claims or defenses which have been stricken or ruled unavailable in the case. See generally, 6 Standard Pennsylvania Practice 2d, §34.13. As discussed previously in this opinion, the court has found that defendants shall not be permitted to raise the so-called seat belt defense in this matter. And, we fail to find that plaintiffs use or non-use of a seat belt would otherwise be relevant to

the issues in this case. Therefore, plaintiff shall not be directed to answer the question.

As for the question pertaining to any prior injuries or illnesses of plaintiff, we find that plaintiff must be directed to provide defendant with full information. As noted above, discovery of any matter, not privileged, which is relevant to the issues in the case, should be permitted. It is quite clear that, in a personal injury action such as this, any information regarding plaintiff's prior injuries or prior medical history is relevant and, therefore, discoverable.

## ORDER

And now, October 20, 1987, after consideration of motion for sanctions filed on behalf of defendant Baker, the motions to amend filed on behalf of defendant Baker and additional defendant Zylinski, the motion to direct plaintiff to appear for another deposition filed on behalf of defendant Baker, the briefs and arguments of the parties pursuant thereto, the record in this matter, and for the reasons contained in the annexed opinion; it is hereby ordered, adjudged and decreed as follows:

(1) Plaintiff is hereby directed to produce copies of all medical records, not protected, which may, in any way, relate to medical condition and/or injuries which are the subject of this action.

(2) Plaintiff is hereby directed to furnish to defendant, copies of her income tax returns for the years 1983, 1984 and 1985.

(3) Defendant's and additional defendant's motions to amend answer and new matter are hereby denied.

(4) Plaintiff is hereby directed to answer defendant's question pertaining to any prior injuries or illnesses, already propounded at a time and place selected for the taking of the continued deposition under penalty of contempt.