**Thorsen v. Kaufmann's Department Stores**

C.P. of Westmoreland County, no. 1170 of 2000.

*Amy S. Cunningham,* for plaintiffs.
*Vance E. Antonacci,* for defendant.

LOUGHRAN, *P.J.,* November 1, 2000—This action arises out of an incident that occurred on or about January 13, 2000, at the Westmoreland Mall involving plaintiff, Christine Thorsen. On that date, wife/plaintiff was shopping at the Kaufmann's Department Store. While at Kaufmann's, it is alleged that the wife/plaintiff used a dressing room to try on an article of clothing. After trying on several pairs of jeans, the wife/plaintiff left the dressing room wearing a pair of jeans that she had tried on intending to go to the sales floor to get a different size pair of jeans. After returning to the dressing room, she found that it was occupied, and the Kaufmann's sales clerk had her pants.

The wife/plaintiff alleges that a sales associate told her that she was "in trouble," and that her pants were

being "held hostage" by the Kaufmann's sales associate and that she was prevented from leaving the area by these actions.

The wife/plaintiff filed a complaint followed by an amended complaint which alleges that plaintiff was defamed by questioning her honesty and character (Count I), and that the Kaufmann's employees committed false imprisonment (Count II), assault and battery (Count III), intentional infliction of emotional distress (Count IV), and invasion of privacy (Count V) on the wife/plaintiff. Count VI is the husband/plaintiff's claim for loss of consortium.

The defendant has filed preliminary objections in the nature of a demurrer to each count of plaintiffs' complaint.

In ruling on a preliminary objection in the nature of a demurrer, the court must accept as true all well-pleaded allegations in the complaint and all inferences reasonably deduced therefrom. Further, all doubts should be resolved against dismissal of the complaint. *Stone & Edwards Insurance v. Department of Insurance,* 151 Pa. Commw. 266, 616 A.2d 1060 (1992). The court shall sustain preliminary objections and dismiss the complaint *only* in cases that are clear and free from doubt that the law will not permit recovery. *Capital City Lodge No. 12, Fraternal Order of Police v. City of Harrisburg,* 138 Pa. Commw. 475, 588 A.2d 584 (1991).

Under Pennsylvania law, a plaintiff must satisfy the following elements in order to succeed on a defamation claim:

(1) the defamatory character of the communication,

(2) publication,

(3) the communication's application to the plaintiff,

(4) an understanding by the recipient of the communication of its defamatory meaning,

(5) an understanding by the recipient of the communication that the communication was intended to be applied to the plaintiff,

(6) special harm resulting to the plaintiff from the publication, and

(7) abuse of conditionally privileged occasion. 42 Pa.C.S. §8343(a)(1)-(7).

In determining whether the communications are defamatory, the court must consider the effect the statement would fairly produce or the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate. *Maier v. Maretti,* 448 Pa. Super. 276, 282, 671 A.2d 701, 704 (1995).

The statements attributed to the Kaufmann's employee in paragraphs 7, 9, 10 and 11 are of the kind that negatively affects the plaintiff's standing in the community. Accordingly, applying the above standards for preliminary objections, defendant's objections as to Count I must be denied.

Plaintiffs allege that the defendant employees falsely imprisoned her by taking her pants from the unoccupied dressing room. A claim for false imprisonment arises if an actor (1) acted intentionally to confine an individual within fixed boundaries, (2) the intentional acts did directly or indirectly confine the individual, and (3) the individual was conscious of the confinement or is harmed by it. *Gagliardi v. Lynn,* 446 Pa. 144, 285 A.2d 109 (1971), (citing Restatement (Second) of Torts §35). The defendant contends that as there was no physical restraint

there can be no false imprisonment. However, the plaintiff has alleged that she was confined in the fitting room area by the defendant, that the defendant told her that she could not go out on the sales floor wearing Kaufmann's merchandise and that she (the employee) had Mrs. Thorsen's pants. (Amended complaint paragraphs 7, 8 and 9.) Accordingly, a question of fact exists for the fact-finder to decide if by her words and actions the Kaufmann's employee confined Mrs. Thorsen within the boundaries of the fitting rooms.

As such, applying the standards in deciding preliminary objections in the nature of a demurrer, the objections as to Count II must be denied.

The defendant asserts that Count III must be dismissed as it fails to state a claim for either assault or battery under Pennsylvania law.

The tort of assault occurs whenever an actor intentionally causes an imminent apprehension of a harmful or offensive bodily contact. *Sides v. Cleland,* 436 Pa. Super. 618, 648 A.2d 793 (1994) (citing Restatement (Second) of Torts §21). The plaintiff's apprehension must be reasonable, and the actor must take some affirmative action in an attempt to carry out the threatened harm. *Cucinotti v. Ortmann,* 399 Pa. 26, 159 A.2d 216 (1960). Words in themselves no matter how threatening, do not constitute an assault. The actor must take some affirmative action; the tort of battery occurs whenever an individual is actually subjected to a harmful or offensive contact. *Dalrymple v. Brown,* 549 Pa. 217, 701 A.2d 164 (1997).

Accepting plaintiffs' allegations as true establishes that Kaufmann's employee "Ellen" removed wife/plaintiff's

pants from the apparently abandoned dressing room. Although plaintiffs claim that wife/plaintiff's dignity was offended and that she was "put in apprehension of further contact with her belongings," the complaint simply does not state a cause of action for assault or battery. Absent from the allegation is any bodily contact between the Kaufmann's employees and wife/plaintiff, let alone harmful or offensive bodily contact. Further absent from the complaint are any allegations that the store employees, by their actions, placed wife/plaintiff in a reasonable apprehension of harmful or offensive imminent bodily contact. Bodily contact—not contact with an article of clothing not on the person of the plaintiff—is required to state a claim. Reasonable apprehension of bodily contact—not apprehension of future contact with personal property—is required to state a claim for assault.

A review of plaintiffs' complaint reveals that these matters are not asserted because they cannot be and plaintiff cannot prevail in her action for assault or battery. Accordingly, defendant's preliminary objection as to Count II will be sustained and Count III, will be ordered stricken.

Defendant contends that Count IV of plaintiffs' complaint for intentional infliction of emotional distress is totally insufficient and should be dismissed.

In order to state a claim for intentional infliction of emotional distress, plaintiffs must allege facts that, if accepted as true, establish conduct by an actor (1) that is extreme and outrageous, (2) that is intentional or reckless, and (3) that causes severe emotional distress. See *Hoy v. Angelone,* 456 Pa. Super. 596, 691 A.2d 476 (1997).

Although there may not be one specific act, when read as a whole, there is conduct for a fact-finder to find outrageous conduct that was reckless and did cause emotional distress. Therefore, at this time, given the standards for preliminary objections, defendant's objections as to Count IV will be denied.

As to defendant's objections regarding Count V entitled invasion of privacy, again, reading the complaint as a whole, the plaintiff is given permission to wear store clothes onto the floor area, then is told she is in trouble, her clothes in the dressing room are removed and searched and there are some words exchanged between the wife/plaintiff and store employees which would be offensive to the plaintiff, all create questions of fact, at this time, that prevent the granting of preliminary objections. Accordingly, defendant's objections to Count V will be denied.

The defendant's preliminary objections to punitive damages and loss of consortium claims will be denied. Although the punitive damages claim may not get to a jury, there are allegations in plaintiffs' complaint, which prevent striking the same at this time.

Accordingly, the following order will be entered:

## ORDER

And now, to wit, November 1, 2000, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the defendant's preliminary objections as to Count II of plaintiffs' complaint alleging assault and battery are granted and Count III is hereby dismissed. All other preliminary objections of the defendant are denied.