431 A.2d 1035

**Herbert Lee DWYER, Appellant,**

v.

**Samuel ROTHMAN, an Individual and L. Rothman, Inc., a Corporation.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed June 26, 1981.

Frank E. Little, Pittsburgh, for appellant.

Myron B. Markel, Pittsburgh, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order sustaining preliminary objections in the nature of a demurrer and dismissing an amended complaint without leave to amend. The action is against an individual and a corporation; both filed preliminary objections. The lower court dismissed the corporation's objections, and the propriety of that order is not before us. The lower court explained its order sustaining the individual's objections by saying that the complaint and amended complaint "reveal that he [the individual] was acting in a representative capacity . . . ." slip op. at 1. We have concluded that this was error, for in our opinion one count of the amended complaint may fairly be read as alleging that while the individual purported to act on his own account, he was in fact acting for an undisclosed principal, the corporation, and so was a party to the contract. We shall therefore reverse although not entirely, for in its other counts the amended complaint does fail to state a cause of action against the individual.

On November 13, 1979, Herbert Lee Dwyer, the appellant, filed a complaint against Samuel Rothman, the appellee, and L. Rothman, Inc., a corporation. The complaint is in four counts. The first count is in equity and seeks specific performance of an agreement to enter into a five year lease with a right of first refusal to purchase the property in question, which is known as Archie's Car Wash. The second count is in assumpsit and seeks damages for breach of the agreement to enter into the lease. The third count is also in assumpsit and seeks damages for "misrepresent[ing] the ownership" of the property. The fourth count is in trespass and seeks both compensatory and punitive damages for intentional misrepresentation. On December 7 appellant filed an amended complaint, alleging, among other things,

that appellee was acting as agent for L. Rothman, Inc., and within the scope of his authority. On December 24 appellee filed preliminary objections and on January 9, 1980, the lower court sustained the objections.

It will be convenient to consider the first and fourth counts of the amended complaint first, for they may be disposed of summarily.

The lower court correctly sustained appellee's objections to the first count, seeking specific performance. Appellant alleged that "[a]t all relevant times [the corporation] was the record owner" of the property in question. Amended complaint, paragraph 4. He did not allege any facts that could conceivably enable him to obtain specific performance *from appellee* of an agreement concerning property owned only by the corporation.

The lower court also correctly sustained appellee's objections to the fourth count, for intentional misrepresentation.[1] Pa.R.Civ.P. 1019(b) provides in part that "[a]verments of fraud or mistake shall be averred with particularity." In *Ski Roundtop, Inc. v. Hall*, 265 Pa.Super. 266, 276, 401 A.2d 1203, 1208 (1979), we said:

Averments of fraud are meaningless epithets unless sufficient facts are set forth which will permit an inference that the claim is not without foundation nor offered simply to harass the opposing party and to delay the pleader's own obligations. For this reason our rules require that fraud in either a complaint or reply must be "averred with particularity." Pa.R.C.P. 1019(b). Admittedly the line between pleading facts and evidence is not always bright; therefore, we frequently condone the inclusion of statements, which except for this requirement, would be considered impertinent. See *Williams v. Rose*, 403 Pa. 619, 170 A.2d 577 (1961); *Custis v. Serrill*, 303 Pa.

---

1. In its opinion the lower court does not discuss this count. However, since appellant has argued that this count states a cause of action, we shall consider its validity.

267, 272, 154 A. 487, 489 (1931); Goodrich-Amram § 1019(b)–1 (1962). While it is impossible to establish precise standards as to the degree of particularity required in a given situation, two conditions must always be met. The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense and they must be sufficient to convince the court that the averments are not merely subterfuge. *Bata v. Central-Penn Nat'l Bank of Phila.*, 423 Pa. 373, 379–80, 224 A.2d 174, 179 (1966), *cert. denied*, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967). Merely alleging fraud as a legal conclusion adds nothing if it is not based upon facts clearly and explicitly set forth as constituting such fraud [citations]. *Hornsby v. Lohmeyer*, 364 Pa. 271, 72 A.2d 294 (1950).

■ Appellant's fourth count reads in its entirety as follows:

32. The plaintiff hereby incorporates the averments of Paragraphs 1–25, inclusive, 28, and 31, as though set forth at length herein.[2]

33. The defendants intentionally and expressly misrepresented the facts and conveyed false information to the plaintiff through the United States mail so as to deprive and defraud the plaintiff.

34. The defendants tricked the plaintiff into sending them money and expending money to repair and clean up the subject property in a fraudulent manner.

35. The actions of the defendants were so malicious and outrageous as to entitle the plaintiff to punitive as well as compensatory damages.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the amount in excess of $10,000.

Plainly, these allegations do not aver fraud with particularity. Appellant has not alleged what "facts" were misrepre-

2. These are the factual averments of the first three counts.

sented, nor what "false information" was given, nor in what way he was "tricked."

We may now consider the second and third counts of the amended complaint, which are in assumpsit. In doing so we shall concentrate upon the second count, for the third count appears to us surplus; at least, we do not understand in what way it is intended to differ from or add to the allegations of the second count. The second count may be summarized as follows:

On February 28, 1979, appellee, who is an attorney with offices in Tucson, Arizona, orally agreed to rent the property in question to appellant with the right of first refusal to purchase the property. Appellant sent appellee $100 initial rent in the form of a check made out to appellee, which appellee negotiated. The property was owned by the defendant corporation, and appellee, in agreeing to rent it to appellant, was acting as agent for the corporation and within the scope of his authority. On March 9, 1979, appellee confirmed this oral agreement by letter to appellant. A copy of the letter is attached to the complaint as Exhibit B. It is on appellee's letterhead ("Samuel Rothman, Attorney-at-Law"), and is signed by appellee alone. It reads:

As owner of the property at 8030 Bennett Street, formally known as Archie's Car Wash, you are hereby authorized to enter into possession of said property to clean up same and make any and all repairs that you may deem necessary. The cost of said clean up and/or repairs is to be borne entirely by you and I shall have no responsibility therefore.

I am in the process of preparing a lease to you for a period of 5 years at a stated rental of $100.00 per month beginning July 15, 1979. The lease will contain a provision that will pay as additional rent any increase in real property taxes over the base year 1979. It will also contain a sale clause giving you the first right of refusal to purchase said property on the same terms as I may receive from any bonafide offer.

> This letter shall be your authority to take possession of the premises and to remove therefrom any trespassers or their property effective immediately. If you have any further questions, you may contact me at the above telephone number.

On the basis of this letter, appellant took possession of the property, spent $3,500 cleaning and repairing the premises, and began to conduct his business there. However, in April 1979 the defendant corporation entered into a contract to sell the property to another purchaser, one James Riley. When appellant learned of this in May 1979, his attorney wrote to appellee but received no answer. In July 1979 appellee wrote another letter to appellant, a copy of which is attached to the complaint as Exhibit E, stating that appellee's sister, Leah Rothman, owned the property; that she would not agree to rent it to appellant; that she had sold it to Riley; and that "[a]ny authority given you in my letter dated March 9, 1979 is withdrawn...." Appellant offered to "better the deal" with Riley, but his offers were rejected. Appellant's demand for damages is $3,600, representing the $100 initial rent plus the $3,500 for cleaning and repairing the premises.

Appellee's preliminary objections in the nature of a demurrer stated that "an attorney acting for his client does not become personally liable for such actions" and that "[t]he amended complaint in equity fails to set out a cause of action against [appellee] acting as an attorney." The lower court gave the following reasons for sustaining this demurrer:

> In this suit in equity the Plaintiff is claiming relief against Samuel Rothman, an individual, and L. Rothman, Inc., a corporation. Samuel Rothman is an Attorney, and a review of the Complaint, Amended Complaint and the Exhibits attached to the original Complaint reveal that he was acting in a representative capacity and not as an owner of the property. However, the Complaint in Equity specifically recites that the property in question is owned

by L. Rothman, Inc., and that Samuel Rothman was the Attorney for the Defendant.

The amended Complaint which goes solely to the proposed liability of Samuel Rothman does not sufficiently set forth a cause of action in equity for which relief can be granted.

There is no claim against Samuel Rothman as evidenced in the Complaint or Amended Complaint. Normally, this Court in granting a demurrer would give leave to the Plaintiff to file an Amended Complaint against the person in whose behalf the demurrer has been sustained in order that if a cause of action exists, it may be pleaded. However, in the instant case the Plaintiff has already filed an Amended Complaint and there is no reason to believe that any further amendments on behalf of the Plaintiff would set forth a cause of action against Samuel Rothman. at slip op. 1.[3]

In *Gekas v. Shapp*, 469 Pa. 1, 5, 364 A.2d 691, 693 (1976), it is stated:

The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. *Buchanan v. Brentwood Federal Savings and Loan Association*, 457 Pa. 135, 320 A.2d 117 (1974); *Bordon v. Baldwin*, 444 Pa. 577, 281 A.2d 892 (1971); *Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970). In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970); *Schott v. Westinghouse Electric Corp.*, 436 Pa. 279, 259 A.2d 443 (1969); *Papieves v. Lawrence, supra.* If there is any doubt, this should be resolved in

**3.** This opinion was prepared pursuant to Pa.R.App.P. 1925 and was filed on February 21, 1980.

favor of overruling the demurrer. *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970).

*See also Hamill Quinlan Realty Co., Inc. v. Rosswog Homes, Inc.*, 281 Pa.Super. 235, 422 A.2d 146 (1980); *Coath v. Jones*, 277 Pa.Super. 470, 419 A.2d 1249 (1980). Applying these principles here, we conclude that appellant has stated a cause of action against appellee.

An agent who enters into a contract without disclosing that he is acting for a principal is personally liable on the contract. *Revere Press, Inc. v. Blumberg*, 431 Pa. 370, 246 A.2d 407 (1968); Restatement 2d, Agency, § 322 (1958) ("An agent purporting to act upon his own account but in fact making a contract on account of an undisclosed principal, is a party to the contract.") Appellant has alleged that the property in question was owned by the defendant corporation, and that in agreeing to rent the property to him appellee was acting as the corporation's agent and within the scope of his authority. While perhaps not entirely clear, when read in appellant's favor the letter of March 9, 1979, from appellee to appellant may be understood as a letter by which appellee purported upon his own account to rent the property to appellee, without disclosing that in fact he was acting for the corporation. In particular, the letter, on appellee's letterhead and signed only by appellee, opens with the phrase, "As owner of the property . . . ," and continues by saying that "you are hereby authorized to enter . . . " and "I am in the process of preparing a lease to you. . . . " Appellant has further alleged that he sent appellee $100 initial rent in the form of a check made out to appellee, which appellee negotiated. Accepting these allegations as true, *Gekas v. Shapp, supra*, a jury would be entitled to find that appellee was not merely an agent of the defendant corporation, as the lower court held, but was a party to the contract.

The order of the lower court sustaining the preliminary objections to count 2 of the amended complaint is reversed;

as regards counts 1, 3, and 4 of the amended complaint, the order is affirmed.