## Feingold v. Hill

*Allen L. Feingold,* pro se.
*David R. Weyl,* for defendants Hill and Bala.
*Stephen M. Feldman,* for defendants Hankins and Duane, Morris & Heckscher.

LEVY, *J., Specially Presiding,* May 1, 1986 — Plaintiff has appealed to the Superior Court from orders of this court which sustained defendants' demurrers to the complaint and dismissed the complaint with prejudice. After plaintiff filed his complaint, defendants filed preliminary objections in the nature of a demurrer. Plaintiff then requested a judge from outside Philadelphia County to be assigned to the case, and by order of the Honorable Robert N.C. Nix Jr., Chief Justice of Pennsylvania, the undersigned was designated to preside specially over the matter. Oral argument was held before a court en banc (Levy, *J.* and Labrum, *J.*).

Immediately before oral argument on defendants' preliminary objections, plaintiff filed a petition seeking our recusal and also made an oral motion to disqualify defendants' counsel. Plaintiff's petition for recusal and motion for disqualification were dismissed in open court. Oral argument then ensued on the preliminary objections. Thereafter the court entered orders which sustained defendants' preliminary objections and dismissed plaintiff's complaint with prejudice.

## I.

The first issue to be addressed is whether or not plaintiff's complaint stated a cause of action upon which relief might be granted. We hold that no cause of action was stated in the complaint.

Plaintiff contends that the court erred in sustaining defendant's preliminary objections and in dismissing his complaint. Plaintiff, Allen L. Feingold, is a practicing attorney in Philadelphia. Defendant Louis G. Hill is a judge of the Philadelphia County Common Pleas Court, and Ganesh Bala is his law clerk. Defendant Joseph M. Hankins is a practicing attorney and is with the Philadelphia law firm of Duane, Morris & Heckscher, the remaining defendant in this case.

Plaintiff's complaint consists of two counts containing 58 paragraphs. The basis of plaintiff's action is set forth in paragraph VI of his complaint where he alleges that:

"From December 17, 1981, up until the present, all defendants, at times individually and at times in consert (sic), did all in their power to injure, harass, frustrate and inflict losses upon plaintiff as further set out in this complaint."

In the 46 paragraphs of his complaint which follow, plaintiff sets forth a rambling, disjointed narrative of several unrelated alleged incidents involving himself and one or more of the defendants. His pleading is occasionally interrupted by various paragraphs in which plaintiff alleges that defendants conspired to injure, harass and frustrate him, both personally and professionally, all of which purportedly occurred while defendants acted fraudulently and with malice in intentional and reckless disregard of plaintiff's well-being.

Plaintiff's allegations against Judge Hill and his law clerk concern court matters over which Judge

Hill presided. Plaintiff alleges that Judge Hill acted improperly in ruling on various motions and in imposing fines and sanctions upon plaintiff. Plaintiff's sole allegation relating to Ganesh Bala is that the foregoing was a result of the "conserted (sic) and individual actions" of Judge Hill and Mr. Bala designed to injure plaintiff with respect to security for an appeal and "to further harass Allen L. Feingold regarding his sanctions and fine."

A review of plaintiff's complaint discloses that every allegation made against Judge Hill and Mr. Bala involve actions taken by them in their capacities as judge and law clerk respectively. Judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice. *Praisner v. Stocker,* 313 Pa. Super. 332, 459 A.2d 1255 (1983). A judicial officer is not liable for acts done in his judicial capacity where there does not exist clear absence of jurisdiction over the subject matter and person, even if such acts constitute an excessive exercise of jurisdiction or involve a decision that the judge had jurisdiction over the particular case, where in fact he had none. Id.

In the instant case, plaintiff fails to allege that Judge Hill lacked jurisdiction over either the subject matter or the person of any of the matters in which he allegedly acted improperly. We hold that Judge Hill is absolutely immune from liability for any of the actions allegedly attributed to him in plaintiff's complaint. Plaintiff's complaint is utterly devoid of asserting any basis for imposing liability upon Judge Hill.

The allegations in plaintiff's complaint attributed to Mr. Bala relate exclusively to matters which occurred in the performance by Mr. Bala of his duties as Judge Hill's law clerk. The issue of whether or

not a judicial law clerk is immune from liability for actions taken in his capacity as a law clerk appears to be one of first impression in this commonwealth. In view of the close and confidential relationship which exists between a judge and a law clerk, we have no hesitancy in concluding that a failure to extend the cloak of judicial immunity to judicial law clerks would seriously erode the effectiveness of that relationship. A judge and his law clerk must be able to exchange ideas and freely engage in discourse with respect to any matters assigned by the former to the latter, without fear that civil liability may be imposed upon either for an action taken pursuant to such discussion. We hold that Mr. Bala is immune from liability for action allegedly taken by him in his capacity as Judge Hill's law clerk.

A demurrer will be sustained only where a plaintiff's complaint or pleading shows with certainty that the law will not permit plaintiff to recover upon the facts averred therein. *Slaybaugh v. Newman,* 330 Pa. Super. 216, 479 A.2d 517 (1984). It is immediately obvious to this court that no liability can be imposed upon either Judge Hill or his law clerk in this case. To permit plaintiff to plead over would be an exercise in futility and would only prolong this pointless and vexatious litigation. Under such circumstances, this matter should now be resolved with finality. It was for these reasons that we dismissed plaintiff's complaint against Judge Hill and his law clerk, with prejudice.

Plaintiff also contends that the court erred in sustaining the preliminary objections of defendants Joseph M. Hankins and Duane, Morris & Heckscher. When considering preliminary objections in the nature of a demurrer, a court must accept as true all well pleaded material facts as well as all inferences reasonably deducible therefrom. *Del Turco v. Peo-*

*ples Home Saving Association,* 329 Pa. Super. 258, 478 A.2d 456 (1984). Applying this standard to plaintiff's complaint, we conclude that he failed to state a cause of action upon which the law will permit him to recover from either Mr. Hankins or Duane, Morris & Heckscher.

A review of plaintiff's complaint discloses that the sole factual allegations made against defendants Hankins and Duane, Morris & Heckscher are contained in paragraphs 4, 5, 7, 8, 9, 20, 22 and 25, and related to the case of *Markey v. Marino,* Philadelphia County Common Pleas Court, no. 212 Nov. term 1981, in which matter Feingold was plaintiff's attorney and Hankins represented defendant. In these paragraphs, plaintiff asserts that Hankins and Duane, Morris & Heckscher filed "extensive, worthless, harassing and irrelevant" requests for discovery, and refused to comply with his requests for discovery. Plaintiff further alleges that these defendants took "other action" which resulted in sanctions and fines being imposed upon him. In the remaining paragraphs of his complaint which may be construed in any manner to relate to defendants Hankins and Duane, Morris & Heckscher, plaintiff merely alleges in a conclusory manner that these defendants conspired to injure him, committed fraud, intentionally caused him to suffer emotional distress, intentionally interfered with his business relationships and also defamed him. No facts are alleged, however, to support these sweeping, vague and conclusory averments.

To establish the existence of a civil conspiracy, it must be shown that two or more persons combined or agreed intentionally to do an unlawful act, or to do an otherwise lawful act by unlawful means. *Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 412 A.2d 466 (1979). Furthermore, a

finding of civil conspiracy requires proof of malice. *Agra Enterprises Inc. v. Brunozzi,* 302 Pa. Super. 166, 448 A.2d 579 (1982). Plaintiff's complaint fails to set forth any facts alleging that defendants Hankins or Duane, Morris & Heckscher combined or agreed to do any unlawful act or to do any lawful act by unlawful means. In addition, plaintiff failed to plead any facts which would establish that defendants acted with malice. It is clear that plaintiff's complaint fails to set forth a cause of action against either defendants Hankins or Duane, Morris & Heckscher for civil conspiracy.

The elements of a fraud and deceit action in trespass consist of (1) a false representation of an existing fact; (2) if the misrepresentation is innocently made, it is then actionable only if it relates to a matter material to the transaction involved, while if the misrepresentation is knowingly made or involves a non-privileged failure to disclose, materiality is not a requisite to the action; (3) scienter, which may be either actual knowledge of the truth or falsity of the representation, reckless ignorance of the falsity of the matter, or mere false information where a duty to know is imposed by reason of special circumstances; (4) reliance, which must be justifiable, so that common prudence or diligence could not have ascertained the truth; and (5) damage to the person relying thereon. *Aiello* v. *Ed Saxe Real Estate Inc.,* 327 Pa. Super. 429, 476 A.2d 27 (1984); *Shane v. Hoffman,* 227 Pa. Super. 176, 324 A.2d 532 (1974).

A review of plaintiff's complaint demonstrates that he fails to allege any facts to support his assertion of fraudulent conduct. Averments of fraud are nothing more than meaningless epithets unless sufficient facts are set forth which will permit an inference that the claim is neither without foundation nor offered simply to harass the opposing party and

to delay the pleader's own obligations. *Dwyer v. Rothman,* 288 Pa. Super. 256, 431 A.2d 1035 (1981). For this reason, Pa.R.C.P. 1019(b) requires that fraud must be "averred with particularity." Merely alleging fraud as a legal conclusion is meaningless if it is not based upon facts which clearly and explicitly constitute such fraud. Id. In view of plaintiff's failure to allege any facts whatsoever in support of his conclusory allegations of fraud, we conclude that he has failed to state a cause of action against defendants based on this theory.

The intentional infliction of emotional distress is an actionable wrong in Pennsylvania. *Hoffman v. Memorial Osteopathic Hospital,* 342 Pa. Super. 375, 492 A.2d 1382 (1985). For a cause of action to exist for intentional infliction of emotional distress, there must be intentional or reckless conduct which is extreme and outrageous and which causes severe emotional distress. *Bartanus v. Lis,* 332 Pa. Super. 48, 480 A.2d 1178 (1984). The type of conduct which is required to give rise to a cause of action for intentional infliction of emotional distress has been defined as follows in section 46 of the Restatement (Second) of Torts, quoted with approval in *Martin v. Little, Brown and Company,* 304 Pa. Super. 424, 450 A.2d 984 (1981):

". . . liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

Plaintiff alleges no facts in his complaint which allege such extreme and outrageous conduct, and has failed to state a cause of action against defendants based on intentional infliction of emotional distress as suggested in the complaint.

The tort of intentional interference with a business relationship was defined at section 766 in the first edition of the Restatement of Torts as follows:

"One who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby."

The Restatement definition has been refined so that this tort consists of three elements, viz., "the actor must act (1) for the purpose of causing this specific type of harm to plaintiff, (2) such act must be unprivileged, and (3) harm must actually result." *Behrand v. Bell Telephone Company*, 242 Pa. Super. 47, 363 A.2d 1152 (1976), vacated on other grounds, 473 Pa. 320, 374 A.2d 536 (1977). Furthermore, when the averment is intentional interference with a prospective business relationship, as opposed to one presently existing, the courts have recognized the need for an additional requirement, namely, that plaintiff must prove a reasonable likelihood or probability that the anticipated business arrangement will be consummated. Id. In explaining this additional requirement, the court in *Behrand* stated at page 62:

"The tort of intentional interference with business requires, as a basis, that a business relationship be proved with some degree of specificity, at least to the point that future profit be a realistic expectation and not merely wishful thinking. It is true that where a prospective advantage is alleged, plaintiff need not demonstrate a guaranteed relationship because 'anything that is prospective in nature is necessarily uncertain. We are not here dealing with certainties, but with reasonable likelihood or probability. This must be something more than a mere hope or the innate optimism of the salesman.'"

Thus, the tort of intentional interference with a business relationship, whether prospective or existing, contemplates a relationship of some substance and particularity before an inference can arise as to its value to plaintiff and defendant's responsibility for its loss. Id. Plaintiff's complaint totally fails to aver any facts to show that he was deprived of any prospective or existing business relationships as a result of any action defendants may have taken. Plaintiff has clearly failed to state a cause of action against defendants for intentional interference with business relationships.

Lastly, plaintiff alleges that defendants' conduct was designed to hold him up to ridicule and to damage his reputation. Generally, a defamation action must allege (1) the defamatory character of the communication, (2) its publication, (3) that the communication refers to plaintiff, (4) the third party's understanding of the communication's defamatory character, and (5) injury. *Walder v. Lobel,* 339 Pa. Super. 203, 488 A.2d 622 (1985). It is axiomatic that because plaintiff's reputation is the product of any esteem in which others may hold him, publication to an identified third person is an essential element of actionable defamation. *Raneri v. Depolo,* 65 Pa. Commw. 183, 441 A.2d 1373 (1982). In the instant case, plaintiff's complaint fails to allege any of these elements with any specificity whatsoever, and the conclusion is both obvious and inescapable that his complaint fails to state a cause of action against defendants for defamation.

Despite accepting as true all the well pleaded material facts in plaintiff's complaint and all inferences reasonably deducible therefrom, we hold that plaintiff has failed to state any cause of action against defendants upon which the law will permit a recovery. It is for these reasons that the court sustained de-

fendants' preliminary objections to plaintiff's complaint.

## II.

The next issue to be addressed is whether or not the court erred in refusing to grant leave to permit plaintiff to amend his complaint.

Plaintiff contends that the court erred in dismissing his complaint without granting him leave to file an amended pleading. Where it is apparent that a pleading can be cured by amendment, the court may not sustain a demurrer that would put an end to the litigation without giving the pleader an opportunity to file an amended complaint if there exists a reasonable possibility that a cause of action may be sustained. *Del Turco,* supra. However, where there is no apparent possibility that plaintiff can set forth a better case by amendment, it is not an abuse of discretion to refuse leave to amend. Goodrich-Amram 2d, Vol. 2, §1028(3)(a). Furthermore, the court has broad discretion in either allowing or refusing a request to amend. Id.

In the instant case, plaintiff seeks to maintain causes of action against Judge Hill and Mr. Bala based upon actions allegedly performed by them in their capacities as judge and judicial law clerk. As fully discussed in a preceding portion of this opinion, we hold that Judge Hill and Mr. Bala are immune from liability. Any effort by plaintiff to amend his complaint against Judge Hill or Mr. Bala would be futile.

We have also concluded that there is no apparent possibility that plaintiff can set forth a better case against defendants Hankins or Duane, Morris & Heckscher if he was given an opportunity to amend his complaint. Plaintiff claims to be an experienced

trial lawyer, and is presumably well versed in the requirements of pleading. He has filed a two-count, 58-paragraph complaint against defendants, alleging five separate causes of action. He attached eight exhibits of 322 pages to his complaint. Despite the voluminousness and verbosity of the complaint and the large quantity of exhibits attached to it, plaintiff has failed to allege any facts which would establish a single element of the causes of action he attempted to allege. We are of the opinion that if an experienced, litigious lawyer such as plaintiff is unable to set forth any facts to establish a single cause of action in nearly 60 paragraphs of pleading and 322 pages of exhibits, there is no apparent possibility that he will be able to do so should he be given an opportunity to amend the complaint. Plaintiff clearly expended his best efforts in drafting his original complaint, but he nonetheless failed to allege any facts to support his alleged causes of action against defendants. We therefore concluded that it would serve no useful purpose to grant plaintiff leave to amend his complaint, and it was dismissed with prejudice. We are of the opinion that this action did not constitute an abuse of the court's discretion. See *Cucinotti v. Ortmann,* 399 Pa. 26, 159 A.2d 216 (1960).

### III.

The final issue for adjudication is whether or not the court erred in dismissing plaintiff's petition for the recusal of the trial judge.

Plaintiff contends that the court erred in denying his petition for the recusal of the trial judge. We note initially that plaintiff's notice of appeal to the Superior Court states that he is appealing from orders of this court dated October 16, 1985. However, the court's orders of October 16, 1985, merely sus-

tained defendants' preliminary objections and dismissed plaintiff's complaint. The order denying plaintiff's petition for recusal of the trial judge was entered orally in open court on October 15, 1985. It has never been reduced to writing. Plaintiff has not filed a notice of appeal from this order, and more than 30 days have passed since its entry. We are of the opinion that plaintiff has failed to preserve this issue for appeal. The failure to preserve an issue on appeal is just as effective a waiver as is the failure to raise the issue initially in the trial court. *Sheppard v. Old Heritage Mutual Insurance Company*, 492 Pa. 581, 425 A.2d 304 (1980).

Assuming, arguendo, that plaintiff has preserved this issue for appellate review, we are of the opinion that the issue is meritless. A review of plaintiff's petition shows that he sought the trial judge's recusal because the trial judge denied his request for a continuance of oral argument in the instant case, and because we held plaintiff in contempt and fined him in a previous matter which came before us in August 1984. The instant petition, filed only minutes before oral argument was to begin, was strenuously opposed by defendants who also correctly noted that this case was assigned to an out-of-county judge at plaintiff's request.

The proper procedure to be followed in a case where a party seeks the recusal of the trial judge is to address an application by petition to the judge before whom the proceedings are being conducted. The trial judge then may hear and determine the question in the first instance, and if the judge believes that he or she can hear and dispose of the case fairly and without prejudice, this decision will be final unless there is an abuse of discretion. *Reilly By Reilly v. SEPTA*, 507 Pa. 204, 489 A.2d 1291 (1985). Furthermore, the party who asserts that a

trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice or unfairness necessitating recusal. *Hall v. Hall,* 333 Pa. Super. 483, 482 A.2d 974 (1984).

In the instant case, plaintiff's petition for recusal is based upon the fact that the trial judge refused his request for a continuance and had held him in contempt some 14 months earlier in a matter entirely unrelated to the present litigation. Our order holding plaintiff in contempt has since been affirmed by the Superior Court. *Murphy v. Allan,* 345 Pa. Super. 629, 496 A.2d 858 (1985). Plaintiff's request for continuance was not denied because of any animosity towards plaintiff. We note that we hold no personal bias against plaintiff as a result of his contumacious behavior in August 1984. We have presided over other matters involving plaintiff, and despite his unsubstantiated assertions to the contrary, nothing·occurred in any of these cases to suggest any bias or prejudice of the trial judge against plaintiff. Recusal is required whenever there is substantial doubt as to a jurist's ability to preside impartially. *Commonwealth v. Boyle,* 498 Pa. 486, 447 A.2d 250 (1982). We held no doubt whatsoever in our ability to preside impartially over the instant case, and plaintiff's failure to present any evidence showing bias, prejudice or unfairness on the part of the trial judge merely confirmed our conclusion. We therefore denied plaintiff's petition for recusal.

For the foregoing reasons, the court sustained defendants' preliminary objections and dismissed plaintiff's complaint with prejudice.