J-A08036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| ALLEN FEINGOLD, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SOCRATES VASILIADIS, PROGRESSIVE | : | |
| NORTHERN INSURANCE COMPANY, | : | |
| DAVID FRIEDMAN, AND FORRY ULLMAN, | : | |
| | : | |
| Appellees | : | No. 1574 EDA 2015 |

Appeal from the Order Entered May 5, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 03630 October Term, 2013

BEFORE:   BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY: STRASSBURGER, J.:          **FILED MAY 09, 2016**

Allen Feingold (Appellant) appeals *pro se* from the order entered on May 5, 2015, which denied his motion for sanctions against Appellee Progressive Northern Insurance Company (Progressive) and discontinued as a party Appellee Socrates Vasiliadis (Vasiliadis).  Appellant challenges the March 18, 2014 orders sustaining preliminary objections and dismissing with prejudice the claims filed against Appellees Progressive, David Friedman (Friedman), and Forry Ullman (Ullman), and the May 5, 2014 order denying his motion to recuse.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant factual and procedural history of this case. Therefore, we have no reason to restate it. Trial Court Opinion, 7/8/2015, at 1-6.

_____
*Retired Senior Judge assigned to the Superior Court.

Appellant raises the following claims for our review.

1. Whether the trial judge erred in refusing to recuse herself from deliberation over this case?

2. Whether the trial court erred in failing to sustain [Appellant's] preliminary objections to the preliminary objections of [Appellees], and in granting the [Appellees'] objections, where [Appellees'] objections contained improper verifications, scandalous and impertinent matter, and improperly relied upon affirmative defenses?

Appellant's Brief at 3 (trial court answers omitted).

With respect to Appellant's first claim, he contends that the court should have granted his motion to recuse. However, because Appellant did not raise this issue in his statement of errors complained of on appeal, it is waived. *See Korman Commercial Properties, Inc. v. The Furniture.com, LLC*, 81 A.3d 97, 102-03 (Pa. Super. 2013) (holding that, if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived).

We now turn to Appellant's second claim on appeal. The standard of review we apply when considering a trial court's denial of preliminary objections is well settled.

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary

- 2 -

objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Richmond v. McHale***, 35 A.3d 779, 783 (Pa. Super. 2012) (citation omitted).

Following our review of the certified record, the parties' briefs, and the relevant law, we conclude that the opinion of the Honorable Ellen Ceisler thoroughly and correctly addresses and disposes of Appellant's issues and supporting arguments and evidences no abuse of discretion or errors of law. Accordingly, we adopt the trial court's opinion, filed on July 8, 2015, as our own and hold, based upon the reasons stated therein, that the trial court committed neither an error of law nor an abuse of discretion in overruling Appellant's preliminary objections and sustaining those of Appellees. The parties shall attach a copy of the trial court's July 8, 2015 opinion to this memorandum in the event of future proceedings.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/9/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| ALLEN FEINGOLD | : | **SUPERIOR COURT** |
| Plaintiff-Appellant | : | **1277 EDA 2014** |
| | : | |
| | : | **COMMON PLEAS** |
| v. | : | **131003630** |
| | : | |
| | : | |
| | : | |
| **SOCRATES VASILIADIS,** | : | |
| **PROGRESSIVE NORTHERN INSURANCE** | : | |
| **COMPANY, DAVID FRIEDMAN,** and | : | |
| **FORRY ULLMAN, P.C.** | : | |
| Defendants-Appellees | : | |

**OPINION**

**ELLEN CEISLER, J.**                    **DATE: July 8, 2015**

## I.    PROCEDURAL HISTORY & FACTS

The instant appeal stems from two orders issued by this Court on March 18, 2014, sustaining preliminary objections filed by Defendants-Appellees David Friedman and Forry Ullman, P.C. (hereinafter collectively referred to as "Friedman") and Defendant-Appellee Progressive Northern Insurance Company (hereinafter "Progressive"), thereby dismissing Plaintiff-Appellant Allen Feingold's (hereinafter "Appellant") claim against these parties with prejudice. As will be discussed *infra*, Appellant has failed to properly preserve any issues for appellate review, due to his submission of an overly-broad and vague Statement of Errors, and, moreover, failed to state a claim in his complaint upon which relief could be granted. Accordingly, this Court respectfully requests that this appeal be quashed or denied.

*A*-1

Feingold Vs Friedman-OPFLD

13100363000113

Appellant is a former lawyer who is well-known in this Commonwealth for his unethical professional behavior and serial abuse of the judicial process. As the Superior Court has noted:

> In 2006, Appellant was suspended from the practice of law for five years for several acts of misconduct which included: allowing a client to give false testimony, filing frivolous claims of fraud and civil conspiracy against opposing counsel, and assaulting a judge who ruled against Appellant's client in an arbitration hearing. After Appellant failed to notify his clients of this disciplinary action and continued practicing law while suspended, Appellant was disbarred by our Supreme Court on August 22, 2008.

Feingold v. Hendrzak, 15 A.3d 937, 940 n. 1 (Pa. Super. Ct. 2011) (*citing* Office of Disciplinary Counsel v. Feingold, 93 DB 2003; 92 DB 2005; Nos. 1093 and 1161 Disciplinary Docket No. 3). Despite the revocation of his law license, "Appellant has continued his pattern of vexatious litigation... [misusing] the court system to harass defendants and opposing counsel with lawsuits that contain nothing more than unfounded allegations." Id. at 943; *see also* id. at 943 n.3 (listing numerous examples of such suits); Feingold v. McNulty, 2010 WL 752353 (Pa. Ct. Com. Pleas, Philadelphia Cnty., Jan. 26, 2010) (same); Feingold v. Liberty Mut. Grp., CIV.A. 13-743, 2013 WL 1733056 (E.D. Pa. Apr. 22, 2013) (noting that Appellant is "a disbarred lawyer with a history of filing frivolous actions.").

The sequence of events that gave rise to the instant action, as described by Appellant, is as follows: An individual by the name of George Antonas (hereinafter "Antonas") was injured in an automobile accident on October 14, 2000 in Upper Darby, PA, when his car was struck by a motor vehicle operated by Defendant-Appellee Socrates Vasiliadis (hereinafter "Vasiliadis"). Complaint at 6. Antonas filed suit against Vasiliadis, with the matter proceeding to trial in the Court of Common Pleas, Delaware County, ultimately resulting in judgment in favor of Antonas on May 9, 2007, and the awarding of damages in the amount of $300,000.[1] Id. at 7.

At some point thereafter, Antonas transferred this judgment to Montgomery County and initiated a garnishment action against Progressive, Vasiliadis' insurer at the time of the accident. Id. at 6, 8-9. Appellant, who claimed that Antonas had assigned him an unspecific percentage of the judgment "[i]n consideration of money for fees owed [to Appellant] for multiple legal matters

---

[1] Though Appellant does not admit this, it seems that he represented Antonas in this action. *See* Friedman's Preliminary Objections at 9-10.

A-2

pursued over the years," id. at 9,[2] then sought to involve himself in the proceedings so that he could pursue his allegedly valid pecuniary interest; however, his attempts were met with substantial opposition. On January 18, 2012, the Honorable Wendy Demchick-Alloy issued an order, stating "that only the parties, the garnishee, their lawyers and a stenographer may be present during the depositions in the [garnishment] matter[,] and disbarred attorney... Feingold is specifically prohibited from being present at any such deposition." Progressive's Preliminary Objections, Ex. 2. Subsequently, Appellant filed a "Motion to Allow Participation," which was denied by Judge Demchick-Alloy on December 20, 2012. Id. at Ex. 3; Friedman's Preliminary Objections, Ex. B. Additionally, Judge Demchick-Alloy ordered that "[t]he 'Entry of Appearance' filed by Disbarred Lawyer... Feingold is hereby STRICKEN [and] Disbarred Lawyer... Feingold is not to have any involvement or participation with the litigation of this garnishment action." Id.

On November 1, 2013, Appellant filed the instant suit in Philadelphia County, naming Vasiliadis, Progressive, and Friedman as defendants, and claiming therein that these parties, through their conduct in the aforementioned Montgomery County action, had committed fraud, negligent misrepresentation, civil conspiracy, and defamation. Complaint at 5-18. In essence, Appellant maintained that Vasiliadis, Progressive, and Friedman, on an individual and collective basis, had engaged in improper, fraudulent conduct in order to deprive him of his ability to collect his portion of Antonas' judgment. Id.

Both Friedman and Progressive responded to Appellant's Complaint by docketing preliminary objections, respectively, on November 20, 2013 and November 21, 2013. Each party raised similar standing and demurrer-based objections, highlighted Appellant's longstanding pattern of filing similar, vexatious and baseless lawsuits, as well as his status as a disbarred former lawyer, and requested that they be awarded costs and attorney's fees. *See* Friedman's Preliminary Objections at 12-24; Progressive's Preliminary Objections at 10-24. On December 10, 2013, Appellant filed his own set of preliminary objections, in which he argued that Friedman's and Progressive's Preliminary Objections should be stricken, due to the assertion therein of what Appellant deemed to be affirmative defenses, references to allegedly scandalous and impertinent matters, and the absence of valid verifications. Appellant's Preliminary Objections at 6-8.

---

[2] Appellant provides no substantive proof whatsoever that such an assignment ever occurred.

A- 3

Friedman and Progressive then submitted replies in opposition to Appellant's Preliminary Objections on, respectively, December 27, 2013 and December 30, 2013. On January 23, 2014, Appellant filed a supplemental memorandum in support of his Preliminary Objections, in which he essentially reiterated the arguments he had made in his December 10, 2013 filing. Appellant's Supplemental Memorandum at 1-2.

On February 7, 2014, this Court issued an order overruling Appellant's Preliminary Objections and gave him 20 days from the date of the order's docketing to file substantive responses. Ceisler Order, 2/7/14 at 1; however, in spite of this clear instruction, Appellant instead chose to submit a Motion for Reconsideration on February 12, 2014, one which was denied by this Court via an order docketed on February 21, 2014. Appellant subsequently failed to comply with the terms of this Court's February 7, 2014 order, a decision that rendered uncontested both Friedman's and Progressive's Preliminary Objections. Accordingly, this Court then issued two orders on March 18, 2014, sustaining these Preliminary Objections and dismissing, with prejudice, all of Appellant's claims against Friedman and Progressive. Ceisler Order #1, 3/18/14 at 1; Ceisler Order #2, 3/18/14 at 1.

On March 21, 2014, Appellant filed a Motion for Recusal, asserting the baseless claim that this Court's decision to grant Friedman's and Progressive's respective Preliminary Objections was a "miscarriage of justice which would require any judge who made such a ruling to recuse themselves from this and any case in which [Feingold] [was] involved." Appellant's Motion for Recusal at 8. Both Friedman and Progressive responded to Appellant's Motion for Recusal, requesting not only the denial of the Motion, but also that this Court award appropriate costs and attorneys' fees. This Court subsequently denied the Motion for Recusal on May 5, 2014.

In response to this Court's orders sustaining preliminary objections of both Friedman and Progressive, Appellant filed an improper appeal with the Superior Court of Pennsylvania on April 16, 2014. This Court then issued an order, one docketed on April 17, 2014, directing Appellant to provide a Statement of Errors pursuant to Pa. R.A.P. 1925(b); Appellant's response was received by this Court on May 8, 2014 and is reproduced, *verbatim*, herein:

A-4

1. The trial court erred in failing to grant appellant's preliminary objections to the preliminary objections filed by appellees to the complaint.

2. The trial court erred in granting appellees' preliminary objections to the plaintiff's complaint.

3. The trial court displayed a fixed bias and hostility to the appellant such that he was deprived of an impartial deliberation on the merits of his preliminary objections and the preliminary objections filed by the defendants.

Statement of Errors, 5/8/14 at 1-2.

On June 20, 2014, this Court issued an opinion, maintaining therein that Appellant's April 16, 2014 appeal should be quashed because (1) it pertained to interlocutory orders, which were not collateral in nature; (2) regardless of the impermissibility of the appeal, Appellant had waived any appellate issues through his vague and overly-broad Statement of Errors; and (3) Feingold's allegations that this Court acted in a biased manner were both without merit and baseless. Ceisler's Opinion, 6/20/14 at 5. Thereafter, the Superior Court quashed Appellant's April 16, 2014 appeal on January 30, 2015.

On April 10, 2015, Appellant then filed a Motion to Discontinue his claim against Vasiliadis and requested that sanctions be imposed upon Friedman and Progressive, claiming that their refusal "to agree to the dismissal of he claims against Vasiliadis is obfuscatory, vexatious and deserving of sanctions." Appellant's Motion to Discontinue at 4. Friedman replied on April 29, 2015, calling the request for sanctions baseless, as the parties were no longer defendants in the case and could "not be forced to consent to another party's dismissal." Friedman's Answer to Appellant's Motion for Discontinuance at 3. Progressive filed a similar response to the Motion to Discontinue on April 30, 2015, asserting a lack of legal compulsion to consent to the dismissal of another party. Progressive's Response to Appellant's Motion to Discontinue at 5. The Honorable Mark Bernstein subsequently entered an order on May 5, 2015, granting only the discontinuance of Vasiliadis as a party and denying the request for sanctions.

On May 26, 2015, Appellant once again appealed this Court's March 18, 2014 orders sustaining Friedman and Progressive's respective preliminary objections, as well as Judge

Bernstein's May 5, 2015 order.[3] On May 28, 2015, this Court subsequently ordered Appellant to submit a concise Statement of Errors, pursuant to Pa. R.A.P. 1925(b), no later than twenty-one (21) days after entry of the order.[4]

On June 15, 2015, Appellant filed a Statement of Errors, repeating the three statements from his May 14, 2014 submission with two additional statements and is, *verbatim*, as follows:

1. The trial court erred in failing to grant appellant's preliminary objections to the preliminary objections filed by appellees to the complaint.
2. The trial court erred in granting appellee's preliminary objections to the plaintiff's complaint.
3. The trial court displayed a fixed bias and hostility to the appellant such that he was deprived of an impartial deliberation on the merits of his preliminary objections and the preliminary objection filed by the defendants.
4. His Honor, Judge Bernstein enters sanctions against anyone who fails to do that which he directs or believes is appropriate, especially if the person in the wrong is a plaintiff's counsel and very rarely, if ever, admits that he is wrong, as here, when the defendants' counsel served, especially after they were dismissed from the case in the first place and had no standing to take that action.
5. Her Honor, Judge [C]eisler enters Orders, requiring the plaintiff to set forth the basis for the appeal, even though the same was filed long ago at the time of the first appeal and she had done nothing new since then, but enter that same Order again, but this time failed to provide a copy of same to the plaintiff, so that he could comply with the Order prior to being injured by its consequences. Just luckily, plaintiff tries to keep up with court action, even when they do not follow the rules that they want everyone else to follow.

Appellant's Statement of Matters Complained of on Appeal at 1-2.

---

[3] Appellant purports to challenge this Court's denial of his Motion to Recuse in his appeal to Superior Court; however, Appellant does not raise this in his Statement of Errors. Therefore, the issue is waived. *See* Pa. R.A.P. 1925(b)(4)(vii).

[4] Judge Bernstein also entered a similar order on June 3, 2015 and, after receiving Appellant's Statement of Errors, docketed an opinion on June 17, 2015.

A- 6

## II.   DISCUSSION

This Court respectfully requests that the instant appeal be denied for the following reasons:

1. Appellant, by virtue of his vague and overly-broad Statement of Errors, has waived his right to contest this Court's rulings upon appeal before the Superior Court;

2. Appellant's baseless allegations that this Court acted in a biased manner are without merit;

3. This Court properly granted both Friedman's and Progressive's Preliminary Objections, as Appellant failed to state a claim in his Complaint upon which relief could be granted.

### A. Appellant Has Waived His Right to Contest This Court's Rulings, Due to His Vague and Insufficiently-Specific Statement of Errors

It is well-settled that statements of errors are an important element of the judicial process, as they require each appellant to clearly and concisely articulate their challenges to a trial court's decision, thus creating efficiency and ensuring appellate review of appropriate issues. *See* Tucker v. R.M. Tours, 977 A.2d 1170, 1173 (Pa. 2009). To that effect, an appellant must, through their statement of errors, explicitly identify "each ruling or error that [they] intend[] to challenge with sufficient detail to identify all pertinent issues," while simultaneously forgoing lengthy, redundant, or frivolous explanations. Pa. R.A.P. 1925(b)(ii), (iv). Failure to abide by these rules results in the waiver of those issues not properly raised, as the appellant must do more than file a vague, overly-broad, or simply incoherent statement of errors. Id. at (b)(vii); *see* Lineberger v. Wyeth, 894 A.2d 141, 148-149 (Pa. Super. Ct. 2006) (deemed issues waived where an "[a]ppellant decided to pursue a broad, omnibus grievance in which she baldly asserted that the trial court had erred."); Jiricko v. Geico Ins. Co., 947 A.2d 206, 213 (Pa. Super. Ct. 2008) (deemed issues waived and noted that, "the crux of the problem is that the statement is an incoherent, confusing, redundant, defamatory rant... [t]here is simply no legitimate appellate issue presented in Appellant's statement."). "In other words, a [statement of errors] which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [statement of errors] at all." Com. v. Dowling, 778 A.2d 683, 686-87 (Pa. Super. Ct. 2001).

*A-7*

In light of this, it is clear that Appellant's Statement of Errors is woefully insufficient and that he has, thus, waived any ability to contest the substance of this Court's March 18, 2014 orders. First, Appellant merely states, in a vague and overly-broad manner, that this Court erred in failing to sustain his Preliminary Objections, and also by choosing to sustain Friedman's and Progressive's respective sets of Preliminary Objections. Statement of Errors at 1; unfortunately, these claims provide this Court with no assistance whatsoever, as they fail to offer anything more than generalized indications regarding what specific legal errors the Appellant believes were committed by this Court.

Second, Appellant accuses this Court, in a conclusory manner, of "display[ing] a fixed bias and hostility," which prevented him from being treated fairly and impartially. Id. at 1-2. Despite this baseless, entirely non-specific charge, it remains that this Court addresses the parties and issues that come before it, with the understanding that the law applies equally to all. The very nature of the adversarial process creates legions of displeased litigants, many of whom undoubtedly emit unprintable utterances upon learning of a court's ruling; to be disappointed and angry is one thing, but to impugn this Court's integrity is another matter altogether. Appellant's allegations are meritless, without a basis in fact, and should be dismissed out-of-hand.

## B. This Court Properly Sustained Both Friedman and Progressive's Respective Preliminary Objections

Moreover, even when assessed on the merits, Appellant's entire suit was ripe for dismissal at the preliminary objection stage. In ruling on preliminary objections, courts must accept all "well pled material facts set forth in the complaint" as true. Schuylkill Navy v. Langbord, 728 A.2d 964, 968 (Pa. Super. Ct. 1999) (citing Turner v. Med. Ctr., Beaver, PA, Inc., 686 A.2d 830 (Pa. Super. Ct. 1996)). At this stage, the court, is in essence, determining the "legal sufficiency of the complaint" and in sustaining preliminary objections, "[t]he court must be able to say with certainty that upon the facts averred, the law will not permit recovery." Id. (citing Guistra Dev. Co., Inc. v. Lee, 631 A.2d 199 (Pa. Super. Ct. 1993).

Here, Appellant asserted four claims in his Complaint: (1) fraud; (2) negligent misrepresentation; (3) civil conspiracy; and (4) defamation; however, as discussed below, Appellant failed to plead any of these counts in a manner sufficient to survive either Friedman's or Progressive's preliminary objections. In establishing a claim for fraud, a plaintiff "must show that the representations were untrue, were known by the defendant to be untrue, were calculated to induce the plaintiff to act, and did induce him to act accordingly." Cox v. Highley, 100 Pa. 249, 249 (Pa. 1882). Further, claims of fraud remain sufficient only if the defendant did not "honestly believe that his representation was true," id., indicating that a "moral wrong" occurred. Erie City Iron Works v. Barber & Co., 106 Pa. 125, 125 (Pa. 1884). In order to prove fraud, a plaintiff must demonstrate by clear and convincing evidence: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. Unsupported assertions and conclusory accusations cannot create genuine issues of material fact as to the existence of fraud. Hart v. Arnold, 884 A.2d 316, 339 (Pa. Super Ct. 2005) (quoting Blumenstock v. Gibson, 811 A.2d 1029, 1034 (Pa. Super. Ct. 2002)).

Even accepting the allegations set forth in the complaint as true, Appellant failed to assert that *he himself* was deceived by the alleged fraudulent communications, and failed to assert that he relied, in any way, upon alleged misrepresentations made by either Friedman or Progressive. The allegedly fraudulent misrepresentations concern actions supposedly taken by Friedman and Progressive, the putative intent of which was to facilitate the exclusion of Appellant from participating in the Montgomery County garnishment action. Complaint at 9-11. Instead of specifically identifying *which* alleged communications relate to the fraud claim, Appellant generally avers that, during the course of the garnishment action, both Friedman and Progressive submitted false verifications attached to pleadings, knowingly and intentionally withheld or destroyed unfavorable documentation related to the case, and accuses both parties of intentionally "counsel[ing] Progressive employees to give false and untrue testimony," id. at 10, in order to "fraudulently depriv[e] plaintiff and Antonas of the payment of the judgment lawfully obtained." Id. at 10-11. It is clear from the face of the Complaint that any purported fraudulent misrepresentations involve communications allegedly intended to deceive those other than

A- 9

Appellant, thus rendering it impossible to reasonably infer he relied upon such putative, unspecified misrepresentations in any way.

Appellant's second claim, negligent misrepresentation, requires "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." Bortz v. Noon, 729 A.2d 555, 561 (Pa. 1999). As with his fraud claim, Appellant bases his negligent misrepresentation claim upon nothing more than generalized, non-specific accusations regarding alleged misrepresentations that were made to third parties. In addition, Appellant fails to establish that he relied on said misrepresentations in any way whatsoever, therefore preventing any reasonable inference that Appellant could recover on this claim.

In essence, both the fraud and negligent misrepresentation claims act as restatements of Appellant's defamation claim. Defamation is defined as "the tort of detracting from a person's reputation, or injuring a person's character, fame or reputation, by false and malicious statement." Joseph v. Scranton Times L.P., 959 A.2d 322, 334 (Pa. Super. Ct. 2008). To make a *prima facie* case, the plaintiff must prove: "(1) the defamatory character of the communication; (2) [i]ts publication by the defendant; (3) [i]ts application to the plaintiff; (4) [t]he understanding by the recipient of its defamatory meaning; (5) [t]he understanding by the recipient of it as intended to be applied to the plaintiff; (6) [s]pecial harm resulting to the plaintiff from its publication; [and] (7) [a]buse of a conditionally privileged occasion." Id. Here, Appellant generally asserts that Friedman and Progressive filed "dishonest and untrue motions regarding the nature of [Appellant's] activities and interest in the case." Complaint at 10. He then asserts that Friedman and Progressive "falsely accus[ed] [Appellant] of misrepresenting himself as a licensed attorney to various court personnel" and "falsely accus[ed] [Appellant] of disrupting the deposition of Lori Pellicore." Id. It is clear that these accusations cannot satisfy the first element, as there is no mention of what exactly the statements were, precisely when they were made, and to whom specifically they were made. Moreover, these allegedly defamatory statements, as described in Appellant's Complaint, occurred within the context of judicial proceedings. Given that, "[i]t has long been established that statements contained in pleadings, as well as statements

A-10

made in the actual trial or argument of a case, are privileged," Post v. Mendel, 507 A.2d 351, 353 (Pa. 1986), Appellant's defamation claim cannot succeed.

Finally, Appellant failed to state a civil conspiracy claim upon which relief can be granted. Civil conspiracy requires, at minimum, "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage." Phillips v. Selig, 959 A.2d 420, 436 (Pa. Super. Ct. 2008). Beyond satisfying these elements, courts consistently require "that proof of conspiracy must be made by full, clear and satisfactory evidence." Fife v. Great Atlantic & Pacific Tea Co., 52 A.2d 24, 37 (Pa. 1947). Here, Appellant merely asserts, in a general fashion, that Friedman and Progressive entered into some sort of agreement to "cooperate in deceiving courts, judges, juries and others." Complaint at 14. This vague, non-specific claim is wholly insufficient as a matter of law. Moreover, given that civil conspiracy requires an underlying unlawful act, and since none of Appellant's other claims (fraud, negligent misrepresentation, and defamation) pass muster, there is nothing that could serve as the basis of a conspiracy.[5]

Ultimately, this matter is but one in a decades-long line of frivolous, vexatious, and utterly meritless suits and appeals filed by Appellant. More specifically, Appellant has repeatedly filed nearly identical complaints, asserting similar claims of defamation, each of which were dismissed with prejudice at the preliminary objections stage. For example, in Feingold v. Hill, the trial court upheld defendants' preliminary objections and dismissed Appellant's Complaint, in which he alleged that various judges and law clerks committed "fraud, deceit, conspiracy, intentional infliction of emotional distress, interference with a business relationship, and defamation." 44 Pa. D. & C.3d 610 (Pa. Ct. Com. Pleas 1986). Appellant subsequently appealed, and the Superior Court affirmed the trial court's decision, declaring that "[b]lind suspicions and unsupported

---

[5] With regard to the two other errors alleged by Appellant, Judge Bernstein's opinion responds accordingly to the accusations in Appellant's Statement of Errors regarding his rulings, meaning that only the final alleged error remains at-issue. It is baffling that Appellant would complain about having to submit another Statement of Errors for a new appeal. Appellant's first appeal Appellant was interlocutory, which is why it was subsequently quashed by Superior Court. Despite what Appellant seems to imply, the Statement of Errors he filed in reference to his procedurally-improper, interlocutory appeal, does not automatically define the contours of *this* appeal.

accusations simply do not state a cause of action pursuant to any theory of tort recovery." <u>Feingold v. Hill</u>, 521 A.2d 33, 38 (Pa. Super. Ct. 1987). In <u>Feingold v. Hendrzak</u>, Appellant filed a lawsuit, one strikingly similar to the one filed in the instant matter, against parties with whom he had tangled in a prior action, again alleging civil conspiracy, fraud, defamation, and other related claims. The trial court sustained defendants' preliminary objections, and dismissed Appellant's claims, a decision that was affirmed on appeal by the Superior Court, which noted Appellant's "repeated abuse of the court system to harass defendants and opposing counsel with lawsuits that contain nothing more than unfounded allegations." 15 A.3d 937, 943 (Pa. Super. Ct. 2011). Despite these (and other) similar, failed actions, the clear instruction from numerous courts, at both the state and federal level, to refrain from burdening them with such baseless suits, and the loss of his law license, Appellant persists with a cavalier disregard for the law itself, as well as for the finite resources of the judicial system.[6] Accordingly, this Court requests that the Superior Court remand the instant matter so that both Friedman and Progressive can be awarded reasonable "counsel fees[, so as] to deter Appellant from filing [such] frivolous actions in the future." <u>Hendrzak</u>, 15 A.3d at 943.

## III. CONCLUSION

For the aforementioned reasons, this Court respectfully requests that the instant appeal be quashed or denied.

BY THE COURT:

J.

---

[6] *See, e.g.,* <u>Feingold v. Graff, 516 F. App'x 223, 229 (3d Cir. 2013)</u> ("Despite his awareness that several state and federal courts had, on multiple occasions, found these claims without merit, and despite the Pennsylvania Superior Court's prior determination that these claims are so frivolous as to justify *sua sponte* sanctions, Feingold filed the instant complaint, and then this appeal. Feingold's conduct shows an utter lack of respect for the judiciary and the legal process, and maliciously exposes numerous individuals to frivolous litigation and its attendant aggravations and expenses.").